CITY OF BATAVIA, Petitioner, v. TOWN OF BATAVIA, Respondent, and B. S. & D. DEVELOPMENT, INC., Respondent-Intervenor.

Fourth Department, July 5, 1974.

*George E. Schaefer, Jr., City Attorney,* for petitioner.

*Jeffrey D. Oshlag (Salem G. Mansour* of counsel), for respondent.

*Wallace J. Stakel* for respondent-intervenor.

MAHONEY, J. This is an application made by petitioner, City of Batavia, and respondent-intervenor, B. S. & D. Development, Inc., for judgment that the proposed annexation to said city of certain territory in the Town of Batavia is in the over-all public interest. A cross application is made by respondent, Town of

Batavia, for judgment that the proposed annexation is not in the over-all public interest. The applications are made in a proceeding for an adjudication and determination of that issue brought pursuant to section 712 of the Municipal Annexation Law (General Municipal Law, art. 17).

After hearings held by Justices THOMAS O'DONNELL, JULIAN HANLEY and WILLIAM SERRA, duly designated by this court as referees herein, they concluded that the proposed annexation was in the over-all public interest and recommended its approval.

Under subdivision 10 of section 712 of the General Municipal Law, the task of this court, upon receiving the referees' report and hearing argument in an annexation proceeding, is to "make its own adjudication and determination, on the law and the facts, on all questions presented to the referees and substitute its judgment for that of any governing boards of the local governments as made in their respective determinations and enter its judgment on the issue whether the annexation is in the over-all public interest".

As delineated in *City Council of City of Mechanicville* v. *Town Bd. of Town of Halfmoon* (27 N Y 2d 369, 373), the Appellate Division is charged with "exercising an original responsibility in a governmental policy determination between contending local governments." It is, therefore, clear that the referees' report herein is advisory only, this court retaining the exclusive responsibility to judge the proposed annexation by the sole relevant criterion of "over-all public interest".

Respondent-intervenor, B. S. & D. Development, Inc., petitioned for the annexation to the City of Batavia of the subject territory, consisting of 16.29 acres of property located in the Town of Batavia when water and sewage facilities, necessary for the effective operation of a developed shopping center and allegedly promised to be established by the town, were not forthcoming. Although the city approved the application as serving the public interest, the town, quite naturally, resisted the proposed annexation, seeking to preserve its territorial area and concomitant tax base. Resolution of the conflict by this court, therefore, rests upon the determinative issue of whether the proposed annexation is in the over-all public interest.

The property here involved is situated on the south side of West Main Road (Route 5) opposite the intersection of Lewiston Road (Route 63) at the western end of the city and immediately adjoining the common boundary line separating the two municipalities. Most of the land is owned by respondent-intervenor, B. S. & D. Development, Inc., and has been developed by it as a

shopping center known as King's Plaza. Individual owners of the remainder of the subject territory have consented to the proposed annexation.

An analysis of the testimony taken at the hearing conducted by the referees unquestionably indicates that the city will be the beneficiary of substantial additional revenues should annexation be accomplished. It was estimated that $60,000 to $70,000 in additional sales tax would accrue to the city, in addition to property taxes. Based on the subject territories' assessed valuation of $493,000 for 1973 and the estimated city tax rate of $16 per $1,000 assessed valuation, annual property tax revenues will approximate $8,000. Suffice to say, such additional revenues to the city represent an increase to its general funds which undoubtedly would support improvements in the public interest.

The evidence is convincing that the primary benefit to the territory proposed to be annexed is the availability, within the relative immediate future, of water and sewer facilities to accommodate its present needs and requirements. Adequate water facilities, recognized as being needed even by the town's engineers, can be provided by the city in a matter of weeks, as opposed to the still unresolved town proposals concerning upgrading its water facilities. As one consequence thereof, B. S. & D. Development, Inc., as owner and developer of King's Plaza, will benefit by reduction of insurance premiums. Such water facilities, with increased water pressure, will also establish optimum fire protection for the property and the multitude of patrons who utilize the plaza facilities. The proposed annexation will, in addition, permit the plaza to be connected to the city's sewer system within a period of months, eliminating present substantial per diem costs expended to pump and haul sewage from holding tanks and provide an admittedly preferable method of sewage disposal through the city's integrated sewage system.

While the record indicates that the town, after years of unfortunate delay, has undertaken steps towards establishment of a water and sewer system to provide adequate accommodation to the subject territory, nevertheless, neither system is near final approval, with informed estimates for commencement of construction extending into 1975.

Directing attention, therefore, to the effect of the proposed annexation upon the town, concededly its tax revenues will be adversely affected. The testimony indicates that its sales tax loss would approximate $4,000 annually. In addition, the town

may anticipate loss in property taxes. However, such loss might properly be characterized as minimal.

While it may be true that the town residents will incur increased tax assessments after the withdrawal of the developed King Shopping Plaza lands from the township, such is the inevitable result of any annexation and does not constitute, in and of itself, sufficient detriment to defeat the application herein.

Considering the entire record here presented and weighing the interests of the respective municipalities, we conclude, as did the referees, that the over-all public interest will best be served by permitting the proposed annexation. Although the town will suffer tax loss, the expeditious installation of water and sewer facilities must be deemed of paramount public concern.

Inasmuch as the subject territory is uninhabited, a special election on approval of the annexation as provided in section 713 of the General Municipal Law would be a useless gesture and such election should, therefore, be dispensed with. (*Matter of Common Council of City of Middletown* v. *Town Bd. of Town of Walkill,* 29 A D 2d 561; *Matter of Common Council of City of Gloversville* v. *Town Bd. of Town of Johnstown,* 31 A D 2d 770.)

The referees' report should be confirmed and judgment granted in favor of petitioner that the proposed annexation is in the over-all public interest.

Marsh, P. J. Moule, Cardamone and Del Vecchio, JJ., concur.

Report of referees unanimously confirmed and judgment granted in favor of petitioner, without costs, adjudging that the proposed annexation is in the over-all public interest.