■ In the Matter of CITY OF AMSTERDAM et al., Petitioners, v TOWN BOARD OF THE TOWN OF AMSTERDAM, Respondent. (And a Related Proceeding.) — Proceedings initiated in this court pursuant to section 712 of the General Municipal Law to confirm the report of the referees that the proposed annexation to the City of Amsterdam of certain territory in the Town of Amsterdam is in the over-all public interest. ¶ Petitioners City of Amsterdam and its Common Council commenced two separate annexation proceedings, proceeding No. 1 and proceeding No. 2, seeking to annex two separate parcels located in the Town of Amsterdam. In proceeding No. 1, the city seeks annexation of its municipal golf course and, in proceeding No. 2, the city seeks annexation of a portion of the Herbert T. Shuttleworth Park. The city owns in fee both parcels in question. ¶ The two proceedings were consolidated and this court, pursuant to section 712 of the General Municipal Law, designated three referees to hear and report upon the issue of whether the proposed annexations are in the over-all public interest. After conducting a hearing, the referees, in a comprehensive report, unanimously concluded that the proposed annexations were in the over-all public interest. By the instant application, the city seeks to have the referees' report confirmed. The town, by cross application, seeks to have the referees' report rejected. We find that the report should be confirmed. ¶ There is little detriment to the town by annexation of both parcels other than a loss of .428% of real property assessed valuation for the golf course and .0415% for Shuttleworth Park. In contrast, the city would be relieved of school and county real property taxes on both parcels by the annexation (Real Property Tax Law, § 406). Also, while it is possible that town residents might incur increased tax assessments after the withdrawal of this land, such increase would appear unlikely since there have been no town taxes on real property for at least the past five years. Furthermore, any loss is minimal (see *City of Batavia v Town of Batavia,* 45 AD2d 203, mot for lv to app den 35 NY2d 644). ¶ The town maintains no police force of its own. Instead, it relies upon the Montgomery County Sheriff and the State Police for protection of each area in question. The city, on the other hand, has a police department which patrols both areas. In addition, currently part of Shuttleworth Park is in the town and part is in the city. While testimony is unclear as to whether this presents a problem in response time to violations, it is apparent there is a jurisdictional dispute between the police departments as to enforcement. Accordingly, the record supports the referees' finding that a centralized police force in the area would create less jurisdictional problems and relieve a duplication of efforts. It should also be noted that although both the golf course and park areas are open to all, they are solely operated by the city. ¶ In sum, annexation is in the over-all public interest since fractionalization of police protection in both areas would be eliminated and tax burdens on the city would be relieved, while the

detriment to the town would be at a minimum. ¶ The town also contends that the lands sought to be annexed by the city are not adjoining to city property, as required by section 703 of the General Municipal Law. Contrary to the town's assertion, the record clearly establishes the golf course parcel as adjoining the city. Additionally, it is agreed by both parties that the Shuttleworth Park territory is split between the city and the town, thereby implying contiguous boundaries. The fact that a field survey was not prepared does not dispute the above. Indeed, section 717 of the General Municipal Law only requires a survey of the annexed territory *after* the annexation. ¶ Finally, the town's concern over section 713 of the General Municipal Law is unfounded, since the evidence indicates that the territories to be annexed are unpopulated (*City of Batavia v Town of Batavia, supra,* p 206). ¶ We have examined the town's remaining contentions and find them to be without merit. The report, therefore, should be confirmed and judgment granted in favor of petitioners. ¶ Report of the referees confirmed, without costs, and judgment granted in favor of petitioners adjudging that the proposed annexations are in the over-all public interest. Kane, J. P., Main, Yesawich, Jr., Weiss and Harvey, JJ., concur.