■ In the Matter of MAYOR OF VILLAGE OF AKRON et al., Petitioners, and I SQUARED R ELEMENT COMPANY, INC., Intervenor-Petitioner, v TOWN BOARD OF TOWN OF NEWSTEAD, Respondent. [660 NYS2d 767] —Report unanimously confirmed with costs and judgment granted in accordance with the following Memorandum: Petitioners contend that the proposed annexation by the Village of Akron (Village) of real property owned by the Erie County Industrial Development Agency and leased to I Squared R Element Company, Inc. (intervenor), "is in the over-all public interest" (General Municipal Law § 712 [1]). The property adjoins the Village and is located in the Town of Newstead; defendant, Town Board of the Town of Newstead, contends that the proposed annexation is not in the overall public interest. Following a hearing, Referees appointed by this Court issued a report finding that the proposed annexation is in the overall public interest. We agree and grant judgment in favor of petitioners accordingly.

The determination whether an annexation is in the overall public interest is predicated upon a weighing of the "benefit or detriment * * * to the remaining governmental units from which the territory would be taken" (Matter of Board of Trus-

*tees v Town of Ramapo*, 171 AD2d 861, 862). The burden of proving that the annexation is in the overall public interest is on the municipality seeking annexation (*see, Matter of Board of Trustees v Town of Ramapo, supra*, at 862). " 'Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education' " (*Common Council v Town Bd.*, 143 AD2d 215, 216, quoting *Matter of Town of Lansing v Village of Lansing*, 80 AD2d 942; *see, Matter of Village of Elmsford v Town of Greenburgh*, 164 AD2d 914, 915-916).

The evidence introduced at the hearing establishes that there are environmental and economic benefits that will result from the proposed annexation. Annexation will allow intervenor to connect its manufacturing operation to the Village sewer system and eliminate the need for the sand filter system that had malfunctioned on several occasions and was leaking into a local stream. Additionally, intervenor's local municipal tax liability will increase by $4,000 as a result of the annexation. Although respondent will lose $2,000 in sales tax revenue, that loss is minimal (*see, Matter of Caruso v Moss*, 161 AD2d 1038, 1039). Finally, there is evidence that allowing intervenor to connect to the Village sewer system will provide increased employment opportunities because intervenor will have the potential to expand, unencumbered by waste disposal problems (*see, City of Jamestown v Town of Ellicott*, 185 AD2d 627). Intervenor eliminated the possible detriment of increased electricity bills for Village residents by agreeing that it will not seek to obtain electricity from the Village if local residents are affected. In any event, there is evidence that, under a new State system beginning in 1997, the Village will be able to purchase power at a lower rate, allowing the Village to make a profit by supplying intervenor with power, while providing intervenor with less expensive electricity.

Finally, under the circumstances, a special election pursuant to General Municipal Law § 713 is not required (*see, City of Batavia v Town of Batavia*, 45 AD2d 203, 206, *lv denied* 35 NY2d 644). (Original Proceeding Pursuant to General Municipal Law § 712.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ.