In the Matter of COMMON COUNCIL OF CITY OF FULTON, Petitioner, v TOWN BOARD OF TOWN OF VOLNEY, Respondent. [660 NYS2d 763] —Report unanimously confirmed without costs and judgment granted in accordance with the following Memorandum: The Common Council of the City of Fulton (City) com-

menced this original proceeding seeking annexation of approximately 33 acres of land known as the River Glen Square Shopping Center in the Town of Volney (Town). Pursuant to General Municipal Law § 712, we designated three Referees to hear and report on the issue whether the proposed annexation is in the overall public interest. We agree with the unanimous conclusion of the Referees that the proposed annexation is in the overall public interest and their recommendation that we permit annexation.

The evidence at the annexation hearing establishes that the territory proposed to be annexed would benefit from the annexation by the guaranteed availability of the City's water and sewer facilities to meet its present needs and requirements (see, Matter of City of Rensselaer v Town Bd., 169 AD2d 936, 937; Matter of Caruso v Moss, 161 AD2d 1038, 1038-1039; City of Batavia v Town of Batavia, 45 AD2d 203, 205, lv denied 35 NY2d 644; Matter of City of Saratoga Springs v Town of Greenfield, 34 AD2d 364, 367, lv denied 28 NY2d 482). The evidence also establishes that the City is able to provide better fire and police protection in the annexed area than the Town. The City's ability to provide enhanced municipal services to the annexed parcel weighs strongly in favor of annexation (see, City of Jamestown v Town of Ellicott, 185 AD2d 627; Matter of City of Rensselaer v Town Bd., supra; Matter of City of Saratoga Springs v Town of Greenfield, supra). Additionally, the testimony at the hearing demonstrates that the City would benefit by receiving $650,000 per year in additional sales tax revenue if the annexation were approved (see, City of Batavia v Town of Batavia, supra, at 205; Town Bd. v City Council, 59 AD2d 1041; Matter of City of Saratoga Springs v Town of Greenfield, supra). In comparison, the Town's loss of real property tax revenue, e.g., approximately $13,213.50 for 1995, is minimal. Finally, the testimony reflects that the property proposed to be annexed has the requisite unity of purpose and facilities with the adjacent City property to constitute a community (see, Matter of Common Council v Town Bd., 32 NY2d 1, 6; City of Jamestown v Town of Ellicott, supra).

The City established that "the benefits of annexation to the city and the territory proposed to be annexed outweigh the detriment to the town" (Matter of City of Rensselaer v Town Bd., supra, at 937) and thus that the annexation is in the overall public interest. We therefore grant judgment in favor of the City adjudging that the proposed annexation is in the overall public interest.

Finally, under the circumstances, a special election pursuant

to General Municipal Law § 713 is not required (*see, City of Batavia v Town of Batavia, supra,* at 206). (Original Proceeding Pursuant to General Municipal Law §.712.) Present—Pine, J. P., Lawton, Callahan, Doerr and Fallon, JJ.