■ In the Matter of INCORPORATED VILLAGE OF ILION, Petitioner, v TOWN BOARD OF FRANKFORT, Respondent. [690 NYS2d 350] —Report unanimously confirmed without costs, judgment granted and special election directed in accordance with the following Memorandum: Petitioner, the Incorporated Village of Ilion (Village), commenced this original proceeding pursuant to General Municipal Law article 17 seeking annexation of a residential area in the Town of Frankfort (Town) known as the Clark Place area. Pursuant to General Municipal Law § 712, this Court designated three Referees to hear and report on the issue whether the proposed annexation is in the overall public interest. We agree with the unanimous conclusion of the Referees that the proposed annexation is in the overall public interest and their recommendation that a special election be conducted pursuant to General Municipal Law § 713.

In determining whether an annexation is in the overall public interest, it is necessary to weigh the "benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the remaining governmental units from which the territory would be taken" (*Matter of Board of Trustees v Town of Ramapo*, 171 AD2d 861, 862). "Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education" (*Matter of Town of Lansing v Village of Lansing*, 80 AD2d 942). Another factor entering into the balance is whether the annexing municipality and the territory proposed to be annexed have "the requisite unity of purpose and facilities to constitute a community" (*Matter of Common Council v Town Bd.*, 32 NY2d 1, 6). The evidence at the annexation hearing establishes that the Village can provide water facilities to the Clark Place area adequate to meet its present needs and requirements (see, *Matter of Common Council v Town Bd.*, 238 AD2d 903, 904), "as opposed to the still unresolved [T]own proposals concerning upgrading its water facilities" (*City of Batavia v Town of Batavia*, 45 AD2d

203, 205, *lv denied* 35 NY2d 644). The evidence further establishes that the Village already provides a number of services to the Clark Place area, including water, electricity and fire protection, and that annexation will result in expanded fire protection and improved water service (*see, Matter of Common Council v Town Bd., supra,* at 904; *Matter of Village of Elmsford v Town of Greenburgh,* 164 AD2d 914, 916). In addition, the Village is able to provide better police protection in the Clark Place area than the Town (*see, Matter of Common Council v Town Bd., supra,* at 904). Although annexation will increase property taxes for Clark Place area residents, it will eliminate the fees currently paid for water, fire protection and garbage collection. Furthermore, the Town does not dispute that its anticipated loss of less than $1,000 in tax revenue is negligible (*see, Matter of Common Council v Town Bd., supra,* at 904). Finally, the testimony of Clark Place area residents establishes that the area and the Village have the requisite unity of purpose and facilities to constitute a community (*see, City of Jamestown v Town of Ellicott,* 185 AD2d 627, 627-628).

We therefore grant judgment in favor of the Village adjudging that the proposed annexation is in the overall public interest and direct that a special election be conducted pursuant to General Municipal Law § 713. (Original Proceeding Pursuant to General Municipal Law art 17.) Present—Green, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.