■ In the Matter of Town of Niagara, Petitioner, v City of Niagara Falls, Respondent, and School District of City of Niagara Falls, Intervenor-Respondent. [797 NYS2d 207]—

Proceeding pursuant to General Municipal Law article 17 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) seeking annexation of territory from respondent to petitioner.

It is hereby ordered that the report be and the same hereby is unanimously confirmed without costs and judgment is granted in favor of respondent as follows:

It is adjudged that the proposed annexation is not in the overall public interest.

Memorandum: Petitioner, the Town of Niagara (Town), commenced this original proceeding pursuant to General Municipal Law article 17 seeking annexation of a commercially-zoned area of 52 acres (hereafter, the site) from respondent, the City of Niagara Falls (City). The developer of the site favors annexation to the Town and seeks to build a Super Wal-Mart on the site. Pursuant to General Municipal Law § 712, this Court designated three Referees to hear and report on the issue whether the proposed annexation is in the overall public interest. We agree with the unanimous conclusion of the Referees that the Town failed to meet its burden of establishing that the proposed annexation is in the overall public interest, and we therefore confirm the report of the Referees.

In determining whether the proposed annexation is in the

overall public interest, it is necessary to weigh the "benefit or detriment to the annexing municipality, to the territory proposed to be annexed, and to the remaining governmental units from which the territory would be taken" (*Matter of Board of Trustees of Vil. of Pomona v Town of Ramapo*, 171 AD2d 861, 862 [1991]; *see Matter of Incorporated Vil. of Ilion v Town Bd. of Frankfort*, 261 AD2d 952 [1999]). "Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service[s], public utilities and public education" (*Matter of Town of Lansing v Village of Lansing*, 80 AD2d 942, 942 [1981]; *see Incorporated Vil. of Ilion*, 261 AD2d at 952). Another factor to consider is whether the municipality seeking the annexation and the territory proposed to be annexed have "the requisite unity of purpose and facilities to constitute a community" (*Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 32 NY2d 1, 6 [1973]; *see Incorporated Vil. of Ilion*, 261 AD2d at 952). "The burden of proving that the annexation is in the overall public interest is on the municipality seeking annexation" (*Matter of Mayor of Vil. of Akron v Town Bd. of Town of Newstead*, 238 AD2d 902, 903 [1997]; *see City of Jamestown v Town of Ellicott*, 185 AD2d 627, 628 [1992]).

The evidence at the annexation hearing established that the City's fire protection services are superior to those provided by the Town. Indeed, the evidence with respect to fire protection services established that the City has paid personnel while the Town uses volunteers and, in comparison to the Town, the City has greater resources, a fire station closer to the site, and a shorter response time when called upon to provide services. The evidence further established that the City's police resources are superior to those of the Town. With respect to water and sewer services, the City presently has active sewer and water connections to the site while the Town does not. Moreover, when the site is developed, the County's Water Board will be obligated to accept a new City user but not a new Town user. The guaranteed availability of water and sewer services under the governance of the City and the City's ability to provide superior fire and police protection weigh against the proposed annexation (*cf. Matter of Common Council of City of Fulton v Town Bd. of Town of Volney*, 238 AD2d 903, 904 [1997]). We note that, although the Town expressed concern that the initial development plans for the site did not adequately address issues of drainage, the site developer redesigned the drainage system as a result of the Town's concerns, and the Town's consultants thereafter approved it. Thus, there is no evidence that the proposed annexation is necessary to ensure that the Town's concerns with respect to drainage are addressed by the site developer.

With respect to taxation, the evidence presented at the hearing established that the City would lose approximately $450,000 in property tax revenues in the event of annexation, while the Town presented no evidence of the property tax it stood to gain in the event of annexation. There was, however, testimony that the site developer favored the proposed annexation because the Town's property taxes would be lower than those of the City. There was further evidence that, if the site were to include a hotel, restaurant, or utility, the City stood to gain 4% of the sales tax collected by the State of New York whereas, in the event of annexation to the Town, that 4% would be distributed throughout the entire County of Niagara. Based on that evidence, we conclude that the tax benefits and detriments to the parties weigh against the proposed annexation.

We agree with the Referees that the "requisite unity of purpose" supports the proposed annexation because the Town presently has many businesses and retail establishments in the immediate area (*Common Council of City of Gloversville*, 32 NY2d at 6; *see Incorporated Vil. of Ilion*, 261 AD2d 952 [1999]). Nonetheless, based on our consideration of all relevant factors, we conclude that the proposed annexation is not in the overall public interest. We have examined the Town's remaining contentions and conclude that they are lacking in merit. We therefore confirm the report of the Referees and grant judgment in favor of the City adjudging that the proposed annexation is not in the overall public interest. Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.