■ In the Matter of CITY OF UTICA, Petitioner, v TOWN OF FRANKFORT et al., Respondents, and TRUSTEES OF MASONIC HALL AND ASYLUM FUND, Doing Business as MASONIC CARE COMMUNITY, Intervenor-Respondent. [824 NYS2d 852]—

Proceeding pursuant to General Municipal Law article 17 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) seeking annexation of certain territory from respondents Town of Frankfort and County of Herkimer to petitioner.

It is hereby ordered that the report be and the same hereby is unanimously confirmed without costs and judgment is granted in favor of petitioner as follows: "It is ADJUDGED that the proposed annexation is in the overall public interest."

Memorandum: In this original proceeding pursuant to General Municipal Law article 17, petitioner seeks annexation of approximately 225 acres of property from respondents Town of Frankfort and County of Herkimer. The property is owned by intervenor, Trustees of Masonic Hall and Asylum Fund, doing business as Masonic Care Community (MCC). Pursuant to General Municipal Law § 712, this Court designated three referees to hear and report on the issue whether the proposed annexation is in the overall public interest. After a hearing, the Referees recommended that the petition be approved. Although the report of the Referees is advisory only, their recommendation is entitled to great weight (see Matter of Board of Trustees of Vil. of Warwick v Town Bd. of Town of Warwick, 244 AD2d 332, 333 [1997]; Matter of Board of Trustees of Vil. of Pomona v Town of Ramapo, 171 AD2d 861, 862-863 [1991]).

We conclude that petitioner met its burden of establishing that the annexation is in the overall public interest (cf. Matter of Town of Niagara v City of Niagara Falls, 19 AD3d 1076, 1077-1078 [2005], lv denied 5 NY3d 713 [2005]). In making that determination, we have weighed the " 'benefit or detriment to the annexing municipality, to the territory proposed to be an-

nexed, and to the remaining governmental units from which the territory would be taken' " (*id.* at 1077). We have also concluded that petitioner and the territory proposed to be annexed have " 'the requisite unity of purpose and facilities to constitute a community' " (*id.*; *see also Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 32 NY2d 1, 6 [1973]).

Specifically, the evidence demonstrates that it will be a distinct benefit to MCC to have full-time police and fire protection available (*see Matter of Incorporated Vil. of Ilion v Town Bd. of Frankfort*, 261 AD2d 952 [1999]; *Matter of City of Amsterdam v Town Bd. of Town of Amsterdam*, 100 AD2d 661 [1984], *lv denied* 62 NY2d 604 [1984]). Additionally, there is evidence with respect to MCC's continuum of care services, namely, MCC's improved ability to streamline healthcare services by having MCC's facilities located in one county. We therefore confirm the report of the Referees and grant judgment in favor of petitioner adjudging that the proposed annexation is in the overall public interest. Present—Kehoe, J.P., Martoche, Smith and Pine, JJ.