# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

303

OP 12-02204

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, PERADOTTO, AND WHALEN, JJ.

---

IN THE MATTER OF CITY OF FULTON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

TOWN OF GRANBY, RESPONDENT.

---

BOND, SCHOENECK & KING, PLLC, SYRACUSE (JOHN D. ALLEN OF COUNSEL), FOR PETITIONER.

SCOTT F. CHATFIELD, MARIETTA, FOR RESPONDENT.

---

Proceeding pursuant to General Municipal Law article 17 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department pursuant to General Municipal Law § 712) for a determination that a proposed annexation is in the public interest.

It is hereby ORDERED that the petition is unanimously granted without costs and judgment is granted in favor of petitioner as follows:

It is ADJUDGED that the proposed annexation is in the overall public interest.

Memorandum: Petitioner, City of Fulton (City), commenced this original proceeding pursuant to General Municipal Law article 17 seeking to annex approximately 69.5 acres of industrial and vacant land from respondent, Town of Granby (Town). Pursuant to General Municipal Law § 712, this Court designated three Referees to hear and report on the issue whether the proposed annexation is in the overall public interest. The Referees unanimously concluded that the proposed annexation is in the overall public interest and recommended that we grant the City's petition in its entirety, and we agree with that recommendation. We therefore confirm the report of the Referees, grant the petition and grant judgment in favor of petitioner adjudging that the proposed annexation is in the overall public interest.

"The municipality seeking an article 17 annexation has the burden of proving that the annexation is in the overall public interest" (*Matter of City of Utica v Town of Frankfort*, 10 NY3d 128, 132; *see* General Municipal Law § 712; *Matter of Mayor of Vil. of Akron v Town Bd. of Town of Newstead*, 238 AD2d 902, 903). "A reviewing court must weigh[ ] the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit

from which the territory would be taken" (*City of Utica*, 10 NY3d at 132 [internal quotation marks omitted]; *see Matter of Town of Niagara v City of Niagara Falls*, 19 AD3d 1076, 1076-1077, *lv denied* 5 NY3d 713).  "Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education" (*Matter of Town of Lansing v Village of Lansing*, 80 AD2d 942, 942; *see Matter of Incorporated Vil. of Ilion v Town Bd. of Frankfort*, 261 AD2d 952, 952).  "Another factor to consider is whether the municipality seeking the annexation and the territory proposed to be annexed have 'the requisite unity of purpose and facilities to constitute a community' " (*Town of Niagara*, 19 AD3d at 1077, quoting *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 32 NY2d 1, 6; *see City of Utica*, 10 NY3d at 133).

     Here, we conclude that the City met its burden of establishing that the proposed annexation is in the overall public interest (*see Matter of City of Watertown v Town Bd. of Town of Pamelia*, 251 AD2d 1073, 1074; *Matter of Common Council of City of Fulton v Town Bd. of Town of Volney* , 238 AD2d 903, 904; *City of Batavia v Town of Batavia*, 45 AD2d 203, 206, *lv denied* 35 NY2d 644).  There is no question that the annexation would significantly benefit the City.  As the Referees found, the territory sought to be annexed houses the City's multimillion dollar Wastewater Treatment Facility (hereafter, Facility), which is the "nerve center" of the City's sewage treatment system and a "vital component of the City's municipal utility infrastructure."  Thus, "by incorporating the system within its territorial boundaries, the City . . . will be better able to manage, preserve and protect the system" (*City of Watertown*, 251 AD2d at 1075).  It is further undisputed that the annexation would significantly reduce the City's tax liability and, therefore, the Facility's operating expenses.  Specifically, the annexation would relieve the City of Town, Town Highway, fire district, school district, and county real property taxes, which totaled $116,183.46 in 2012.

     The annexation would also benefit the territory itself.  The parties stipulated that the City, not the Town, currently provides municipal services to the territory, including police and fire protection, water and sewer service, and maintenance of the access road leading to the Facility (*see Incorporated Vil. of Ilion*, 261 AD2d at 953).  The parties further stipulated that the City is "better equipped than the Town to provide all municipal services to the [t]erritory," a factor that "weighs strongly" in favor of the annexation (*see Common Council of City of Fulton*, 238 AD2d at 904; *City of Jamestown v Town of Ellicott*, 185 AD2d 627, 627, *abrogated on other grounds by City of Utica*, 10 NY3d at 134-135, n 1).  Among other things, the record establishes that the City is better able to respond to a fire, chemical spill, or other emergency at the Facility.  The City has a full-time, paid fire department with two fire stations, one of which is located within 1.5 miles of the Facility.  By contrast, the Town has an all-volunteer fire department, and its single fire house is located three miles from the Facility.  As for police

protection, the City maintains a full-time police department while the Town has no police force (*see Matter of City of Amsterdam v Town Bd. of Town of Amsterdam*, 100 AD2d 661, 661, *lv denied* 62 NY2d 604). City police officers presently provide police protection to the territory as special deputy sheriffs. Thus, the record establishes that the City's police and fire protection services are superior to those provided by the Town (*see City of Utica*, 10 NY3d at 132-133; *see also Incorporated Vil. of Ilion*, 261 AD2d at 953; *Common Council of City of Fulton*, 238 AD2d at 904; *cf. Town of Niagara*, 19 AD3d at 1077).

With respect to the effect of the annexation on the Town and the region, the parties stipulated that improvement and protection of the Facility would benefit not only the City, but also much of the Town and the neighboring Town of Volney. The annexation and the resultant tax reduction would enable the City to stabilize its Sewer Fund and the rates it charges to residents and businesses throughout the area, including within the Town. The parties stipulated that, because wastewater disposal rates are a key cost that businesses consider in deciding to locate or expand in the area, the annexation "is substantially likely to spawn industrial growth and development in the City and the surrounding area," thereby providing economic benefits to the Town and the City.

Although there is no question that the annexation would result in a loss of tax revenue to the Town and, consequently, the possibility of increased taxes for its residents, we have previously concluded that "such is the inevitable result of any annexation and does not constitute, in and of itself, sufficient detriment to defeat the application" (*City of Batavia*, 45 AD2d at 206; *see Matter of Town of Plattsburgh v Town of Saranac*, 274 AD2d 852, 854, *lv denied* 95 NY2d 768). In any event, the Town agreed that the increased tax burden on its residents would be "minimal," with a projected increase of only about 7.5 cents per $1,000 of assessed valuation. The Town further agreed that "[t]he City's tax savings of approximately $116,183.46 per year far outweigh the minimal loss in tax revenue to the Town, Town Highway Department, and Granby Center Fire District, combined, of approximately $12,983.41 per year" (*see Incorporated Vil. of Ilion*, 261 AD2d at 953; *City of Watertown*, 251 AD2d at 1074; *Common Council of City of Fulton*, 238 AD2d at 904; *City of Amsterdam*, 100 AD2d at 661-662).

Finally, we agree with the Referees that the territory and the City have the requisite unity of purpose and facilities to constitute a community (*see City of Utica*, 10 NY3d at 133; *Incorporated Vil. of Ilion*, 261 AD2d at 953; *City of Jamestown*, 185 AD2d at 627-628). As noted by the Referees, the City already provides all municipal services to the territory, the Facility located within the territory is "a vital component" of the City's municipal sewage treatment system, and the character and use of the territory is consistent with the character and use of the adjacent parts of the City. The remainder of the property to be annexed consists of vacant land that could be developed for recreational purposes, which is harmonious and consistent with the use of the City's land directly across the river

from the territory, including Indian Point and Pathfinder Trail.

Entered:  May 9, 2014                           Frances E. Cafarell
                                                Clerk of the Court