In the Matter of CITY OF SARATOGA SPRINGS et al., Petitioners, *v.* TOWN OF GREENFIELD, Respondent.

Third Department, June 29, 1970.

*Howard C. Nolan, Jr.,* for City of Saratoga Springs, petitioner.

*Grey & Snyder (Theodore H. Grey* of counsel), for Skidmore College, petitioner.

*De Graff, Foy, Conway & Holt-Harris* for Dormitory Authority of the State of New York, petitioner.

*Edward A. Tracy* for respondent.

AULISI, J. This is an application pursuant to section 712 of the Municipal Annexation Law (General Municipal Law, art. 17) by respondent to confirm the report of the Referees appointed to hear and report on the issue in the proceeding as to whether the proposed annexation to the City of Saratoga Springs of certain territory in the Town of Greenfield is in the over-all public interest and for judgment that the proposed annexation is not in the over-all public interest.

Pursuant to the statute, the City of Saratoga Springs, Skidmore College, and the Dormitory Authority of the State of New York filed a petition in which they seek annexation of approximately 305 acres of land contained within the respondent Town of Greenfield. This is petitioners' second attempt to effectuate

annexation of the land in question. An earlier annexation proceeding was dismissed by this court on procedural grounds (*Matter of City Council of City of Saratoga Springs* v. *Town Bd. of Town of Greenfield,* 29 A D 2d 167). Following that determination, a second petition for annexation was filed. This court, by order of reference, made pursuant to said section 712, designated Mr. Justice CONWAY, Mr. Justice WERKER and Mr. Justice CURRY as Referees to hear the issues and report thereon. Upon the conclusion of the hearing, the Referees found that the proposed annexation was not in the over-all public interest.

The City of Saratoga Springs contains approximately 31.7 square miles and the Town of Greenfield about 68 square miles. The largest portion of the land sought to be annexed or some 250 acres is tax-exempt and owned by Skidmore College and plans call for the relocation of the entire campus to the annexation area. In addition, a reservoir owned by the City of Saratoga Springs, which yields over $2,200 per year in tax revenue for the town, falls within the proposed annexation area. The question to be decided is whether the proposed annexation is in the over-all public interest. A determination of over-all public interest essentially entails focusing upon and weighing the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken (see *Matter of Common Council of City of Albany* v. *Town Bd. of Town of Bethlehem,* 26 A D 2d 230, affd. 19 N Y 2d 646, mot. to amend remittitur granted 19 N Y 2d 835; *Matter of City Council of City of Mechanicville* v. *Town Bd. of Town of Halfmoon,* 32 A D 2d 152, 154, mot. for lv. to app. granted 25 N Y 2d 743).

The record shows that the City of Saratoga Springs will derive substantial benefits if annexation is approved and will, in fact, suffer detriments if annexation is denied. The city has been receiving per capita State aid as well as supplemental aid, part of which was based on the number of students in the city. Without annexation, the Town of Greenfield will gain per capita aid for about 1,106 students at about $8.45 each, while Saratoga Springs will *lose* per capita aid for that number of students at the rate of $13.50 each and supplemental aid at the rate of $22.49 each, the latter income available only to cities. Respondent contends that the supplemental aid program will in any event expire in 1970, but the record indicates that it will be replaced by a program of revenue sharing, one part of which will be in the form of supplemental aid to the cities alone. In addition to

the monetary factors, as the Referees found, the history of Saratoga Springs is closely linked with the history of Skidmore College.

As to the effect on the annexation area, the president of Skidmore College testified that the college favored annexation due to the ability of the city to more adequately provide essential services than could the town. On this question, we cannot agree with the conclusion of the Referees that " all municipal services to the college campus will be substantially the same with or without annexation ". The record amply supports the Referees' conclusion of law that Saratoga Springs can provide better fire protection in the annexation area than can the Town of Greenfield. The city possesses a full-time paid fire department, whereas there is no paid department in the town area. While the proximity of the nearest respective fire houses to the campus area is virtually equal, the city can apparently respond to an alarm more quickly than can the town. Moreover, fire insurance premiums presently paid by Skidmore College on its new campus would be lowered by $3,000 per annum as a result of annexation. Based on the record, we also agree with the Referees' conclusion of law that Saratoga Springs is better able to provide police protection than is the town. Finally, the Referees approved the petitioners' conclusion of law that " [t]here appears to be no local government besides the City of Saratoga Springs that is able to supply water in sufficient quantities to the new Skidmore Campus ". The Referees apparently felt, however, that because the city had by contract agreed to supply Skidmore College with water over a 40-year period, until the year 2004, annexation would have no effect upon this essential service. The language of the contract, though, provides that the water to be provided by the city is " to be taken from surplus supplies over and above those necessary for users within the City ". Thus, as the city is merely obligated to make available to the college any excess water it may have, it cannot be said that the college has a guaranteed source of water until 2004. If annexation is granted, however, the college will benefit from such a guaranteed supply of water. The town, on the other hand, does not have a municipal water system and the record shows that there is no reliable water supply available in the area proposed to be annexed.

In regard to the effect of annexation on the Town of Greenfield, the Referees refused to find petitioners' proposed conclusion of law that " [l]oss in revenue to the Town of Greenfield

would be minimal ''. Rather they found '' [t]hat the impact of the loss of per capita aid, plus taxes of some $2,250.00 on the reservoir within the area proposed to be annexed, would represent some 10% of the money raised by taxes for Town purposes by the Town of Greenfield.'' That the town stands to benefit from increased per capita State aid if annexation is denied, by virtue of the expected enrollment of nearly 2,000 students at Skidmore College, is irrefutable. However, it is equally apparent that the present losses to be sustained by the town if annexation is granted, would be relatively small. The town is presently receiving per capita aid at the rate of $8.40 for 300 students located on the new campus, or a sum slightly over $2,500. In addition, there would be the $2,200 loss of tax revenue from the reservoir. Annexation, based on 1969 revenues, would thus deprive the town of less than $5,000 per year or approximately 4% of the total amount of $119,540.14 raised by taxes for town expenses in 1969.

In summary, and upon all the evidence, we conclude that annexation would be most beneficial to the City of Saratoga Springs and to Skidmore College and that the Town of Greenfield would not be significantly injured (see *Matter of City Council of City of Mechanicville* v. *Town Bd. of Town of Halfmoon*, 32 A D 2d 152, *supra*). Accordingly, the court adjudges and determines, on the law and the facts, that the annexation applied for is in the over-all public interest. Since the parties stipulated on the record that '' any election held pursuant to section 713 of the General Municipal Law would be academic and its result a foregone conclusion in favor of annexation, since the only eligible voters are employed by Skidmore College, one of the petitioners in this annexation '', the statutory special election can be dispensed with (see *Matter of Common Council of City of Middletown* v. *Town Bd. of Town of Wallkill*, 29 A D 2d 561). Hence, our adjudication that annexation is in the over-all public interest is sufficient to support a judgment by us directing annexation.

The application should be denied; it is adjudged that the proposed annexation is in the over-all public interest, and the annexation should be directed, without costs.

REYNOLDS, J. P., STALEY, JR., and COOKE, JJ., concur.

Application denied; it is adjudged that the proposed annexation is in the over-all public interest, and the annexation is directed, without costs.