■ COMMON COUNCIL OF THE CITY OF MIDDLETOWN, ORANGE COUNTY, Petitioner, v. TOWN BOARD OF THE TOWN OF WALLKILL, ORANGE COUNTY, Respondent. (And Another Proceeding Under the Same Title.)— Consolidated proceedings pursuant to section 712 of the General Municipal Law to determine whether proposed annexation by petitioner of certain territories in the Town of Wallkill is in the over-all public interest. On March 9, 1970 this court designated Justices McCullough, Donohue and Hawkins as Referees to hear and report on the issues in the first, or Randall Heights, proceeding. On May 7, 1970 we consolidated that proceeding with the second, or Washington Heights, proceeding and directed that the consolidated proceedings be heard by the above-mentioned Justices, as Referees. The hearing has been held and a report by said Justices has been rendered. Petitioner now moves to confirm the report insofar as it recommends that annexation of the Randall Heights area be approved and for judgment that annexation of that area is in the over-all public interest and respondent cross-moves to reject the report as to that area, to confirm the report insofar as it recommends that annexation of the Washington Heights area be disapproved, and for judgment accordingly. Petitioner's motion granted and respondent's cross motion granted to the extent that it deals with the Washington Heights territory and otherwise denied, without costs; it is adjudged that the proposed annexation of the Randall Heights territory is in the over-all public interest and annexation of that territory is hereby directed; and it is further adjudged that the proposed annexation of the Washington Heights territory is not in the over-all public interest, without costs. In our opinion, the report admirably summarizes the proof adduced at the hearing and properly concludes that the annexation of the Randall Heights area would be in the over-all public interest and that the

annexation of the Washington Heights area would not be in the over-all public interest. We therefore approve the report, findings of fact and conclusions of law therein; and, having heard oral argument, we confirm and adopt the report, findings and conclusions as those of this court and, based thereon, we adjudicate that the proposed annexation of the Randall Heights area is in the over-all public interest and that the proposed annexation of the Washington Heights area is not in the over-all public interest. Section 713 of the General Municipal Law provides that within 90 days after entry of the judgment of this court a special election shall be held in the subject territory on the question whether the annexation should be approved. However, the Randall Heights territory which will be annexed is vacant and uninhabited and is owned by a corporation which urged on the record that the annexation be approved. In such a case, the statutory special election would be a useless gesture and consequently it can be dispensed with (see *Matter of Common Council of City of Middletown v. Town Bd. of Town of Wallkill,* 29 A D 2d 561, 562). Hence, our adjudication that annexation of the Randall Heights area is in the over-all public interest is sufficient to support a judgment by us directing its annexation. Furthermore, since the area herein directed to be annexed is relatively small (about 58 acres) and is completely undeveloped and the issues of the indebtedness of the two municipalities and the disposition of real or personal property rights are not raised by the parties (see General Municipal Law, §§ 707, 708), we have only considered the issue of the over-all public interest. Hopkins, Acting P. J., Martuscello, Gulotta, Brennan and Benjamin, JJ., concur.