(September 12, 1972)

■ In the Matter of LEROY RUSSELL, Petitioner, v. COUNTY COURT OF CHEMUNG COUNTY et al., Respondents.— Proceeding under CPLR article 78 instituted in the Appellate Division of the Supreme Court in the Third Judicial Department, to prohibit respondents from retrying petitioner without first providing him with a complete transcript of his original trial. The application is denied, without costs. An article 78 proceeding may not be used to review the discretionary act of a court in a criminal matter. (*Matter of Bloeth* v. *Marks,* 20 A D 2d 372, mot. for lv. to app. den. 15 N Y 2d 481.) We are mindful of the decision of the United States Supreme Court in *Britt* v. *North Carolina* (404 U. S. 226), which held that an indigent defendant has a constitutional right to a free transcript of minutes of a trial which ends in a mistrial unless a satisfactory alternative substantially equivalent to a transcript is available. Although we determine that the extraordinary remedy of prohibition is not available under these circumstances, we note that no reason for denial of the transcript was given by the County Court nor was any question raised as to petitioner's indigence. Accordingly, the County Court should reconsider its decision with respect to the testimony of prosecution witnesses Hansen, Berwiler and Horan. Herlihy, P. J., Greenblott, Sweeney, Simons and Kane, JJ., concur.

(September 13, 1972)

■ In the Matter of COMMON COUNCIL OF THE CITY OF NORWICH, Petitioner, v. TOWN BOARD OF THE TOWN OF NORWICH, Respondent.— Application by petitioner pursuant to section 712 of the General Municipal Law to confirm report of Referees and for judgment (1) that the proposed annexation of certain territory in the Town of Norwich to the City of Norwich is in the over-all public interest and (2) that the territory be annexed without the necessity of calling a special election pursuant to section 713 of the General Municipal Law. During the proceedings before the Referees, respondent advised that it would not oppose the annexation and the present application is unopposed. We find the proposed annexation to be in the over-all public interest. Since each of the five eligible voters residing in the territory to be annexed testified at the hearing before the Referees that he was in favor of annexation and would so vote if an election were held for that purpose, the statutory special election can be dispensed with (see *Matter of City of Saratoga Springs* v. *Town of Greenfield,* 34 A D 2d 364, 368, mot. for lv. to app. den. 28 N Y 2d 482). Application granted, without costs. Herlihy, P. J., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.

■ In the Matter of MEAD-MALONE, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Motion to clarify decision dated June 14, 1972 [40 A D 2d 632] granted, without costs, and last paragraph of decision amended to read as follows: Determination modified, on the law and the facts, by annulling the revocation and substituting therefor a provision that the license be suspended for a period of six months together with $1,000 bond claim, and, as so modified, confirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Simons and Reynolds, JJ., concur.