■ TOWN BOARD OF THE TOWN OF BRIGHTON, Petitioner, v CITY COUNCIL OF THE CITY OF ROCHESTER, Respondent, and RONALD W. JONES et al., Intervenors.—Motion to reject referees' report granted; judgment granted in favor of petitioner, without costs, adjudging that the proposed annexation is in the over-all public interest and directing annexation. All concur; Goldman, J., not participating. Memorandum: The sole issue in this proceeding is whether the proposed annexation to the Town of Brighton of intervenors' property, known as 1301 Highland Avenue in the City of Rochester, is in the "over-all public interest" (General Municipal Law, § 712, subd 1). Petitioner town has approved annexation, while respondent city has rejected it. The referees appointed by this court pursuant to subdivision 6 of section 712 of the General Municipal Law found that the proposed annexation would not be in the over-all public interest. Petitioner and intervenors now move to reject the referees' report and the respondent cross-moves for its confirmation. While the referees' report should be carefully considered, it is advisory only *(City of Batavia v Town of Batavia,* 45 AD2d 203, 204). This court must make its own determination and adjudication *de novo* and enter judgment on the issue of whether the annexation is in the over-all public interest (General Municipal Law, § 712, subd 10). In reaching that determination, we must focus upon and weigh "the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken" *(Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364, 366, mot for lv to app den 28 NY2d 482; see, also, General Municipal Law, § 711, subd 1). The territory proposed to be annexed is located on the southeast corner of Highland Avenue and Edgemere Drive in the City of Rochester. Its westerly and southerly boundaries also constitute the dividing line between the Town of Brighton and the City of Rochester, making it potentially annexable (General Municipal Law, § 703, subd 1). Indeed, in 1914, while still vacant land, it was part of an annexation from the Town of Brighton to the City of Rochester. The territory is a building lot upon which an architecturally designed house, now intervenors' residence, was constructed in 1941. While the house is designated as being located on Highland Avenue, its front entrance actually faces onto Edgemere Drive and it otherwise appears in every respect to be located on Edgemere Drive. All other homes on Edgemere Drive, including one located directly across the

street from intervenors, are situate in the Town of Brighton. Most municipal services, including snow plowing, street cleaning, tree maintenance and police patrols are furnished to the territory by the Town of Brighton, not by the City of Rochester. The nearest fire station is in the Town of Brighton. Moreover, by virtue of an earlier easement, intervenors' home is serviced by the town's sanitary sewer facilities. The manner in which intervenors' home is located on the territory has caused them substantial inconvenience regarding trash and refuse collection. Intermittently since the intervenors purchased the home in 1971, the city has failed to pick up their trash. Specifically, the territory was not included in the city's regular garbage collection from September 13 to October 19, 1976. Indeed, intervenors' neighbors who live directly across the street, although residents of the town, have experienced similar refuse collection problems with town crews who apparently presume, because of the confusion relating to intervenors' property, that the neighbor's home is located in the city. Additionally, despite requests from both the town and the intervenors, the city has failed to maintain the storm gutter and adjacent pavement along Edgemere Drive in front of intervenors' residence, to the detriment of other Edgemere Drive properties situate in the town. The neighborhood on Edgemere Drive is part of what is known as the Home Acres tract and the members of an association of the community of Home Acres have petitioned the town in favor of the proposed annexation. The record amply demonstrates that the intervenors are vitally integrated into the Edgemere Drive and Home Acres community. Upon all of the foregoing, and more, it is readily apparent that "the annexing local government and the territory to be annexed have the requisite unity of purpose and facilities to constitute a community" (*Matter of Common Council of City of Gloversville v Town Bd. of Johnstown,* 32 NY2d 1, 6). Intervenors should have a voice in the affairs of the town which actually provides most of the municipal services to the territory. The annexing town will benefit from its receipt of property tax revenues for services it already provides. The annexation will serve to designate clearly all properties on Edgemere Drive as part of the Town of Brighton, thus eliminating confusion respecting refuse collection and storm gutter maintenance to the ultimate benefit of other landowners on Edgemere Drive. It is not convincingly urged that the proposed annexation would constitute a detriment to the respondent city. The referees' report found that there "would be minimal loss of tax revenue to the city should annexation of the property in question be approved". While we agree with that determination, we do not concur in the referees' conclusion that the annexation would serve only the private interests of intervenors. Upon all of the evidence, we conclude that the annexation would be beneficial to the petitioning town and to the intervenors, and would not significantly injure the respondent city. The over-all public interest will best be served by permitting the proposed annexation. We dispense with the requirement of a special election for approval of the proposed annexation (General Municipal Law, § 713). The only qualified voters are the intervenors and the outcome of such an election is obvious (see *Matter of Common Council of City of Middletown v Town Bd. of Town of Wallkill,* 29 AD2d 561). (Proceeding pursuant to General Municipal Law, § 712—annexation.) Present—Moule, J. P., Cardamone, Dillon, Denman and Goldman, JJ.