Paul B. Kelly, Esq. Town Attorney, Allegany
You have asked whether a special election must be called to approve an annexation where all landowners within the territory have signed the petition for annexation and the governing boards of the two municipalities involved have approved the annexation.
Article 17 of the General Municipal Law, "Municipal Annexation Law", carries out the constitutional prohibition against annexation of territory by a local government unless the people, "if any", of the territory agree by a majority vote in a referendum (Art IX, § 1[d]). We have said that no referendum is required if the territory is uninhabited (1965 Op Atty Gen [Inf] 145). You raise the question whether the constitutional prohibition applies if all the residents of the territory to be annexed have signed the petition requesting annexation. (In your case, you state that two people signed the petition and that they own all the property in the territory.)
Under Article 17 there are two routes to a referendum. If a petition is acted upon favorably by the governing board of the local government containing the territory to be annexed and the governing board of the annexing local government, a special election is to be held in the territory (§ 713). If one or more of the local governments involved but not all disapprove annexation, a local government that approves annexation may bring an action in the appropriate appellate division for a determination whether the proposed annexation is in the "over-all public interest" (§ 712). If the appellate division so determines, a special election is to be called (§ 713).
On at least three occasions, an appellate division has determined an annexation to be in the overall public interest and permitted the annexation to take effect without a referendum (Town Board of the Town ofBrighton v City Council of the City of Rochester, 59 A.D.2d 1041 [4th Dept, 1977] [all who could vote were intervenors favoring annexation];Common Council of the City of Norwich v Town Board of the Town ofNorwich, 40 A.D.2d 615 [3d Dept, 1972] [all who could vote testified that they favored annexation and would so vote]; City of Saratoga Springs vTown of Greenfield, 34 A.D.2d 364 [3d Dept, 1970] [all eligible voters were employees of one of the petitioners]).
We agree that it is reasonable to conclude that an election is unnecessary if all those eligible to vote have signified their approval of the proposed annexation. (We assume either that the two petitioners who are the owners of the territory to be annexed are the only residents eligible to vote or that any other eligible voters would signify their approval by affidavit.) Nevertheless, unfortunately, sections 713 and 714, in spelling out the steps necessary to complete annexation, clearly call for an election and the Court decisions referred to above do not clearly set forth when municipalities may make an exception to this requirement.
In these circumstances we recommend that the two town boards and the petitioners either conduct the election as called for by the statute or, alternatively, apply to the appropriate appellate division for an order directing completion of annexation without an election on the ground that all who could vote in the election have already signified their approval of the annexation. We think that a court that would dispense with an election in an action before it for a determination of whether the annexation is in the overall public interest would grant the same relief on an application limited to a request for an order dispensing with an unnecessary election.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.