James A. Murphy, Jr., Esq. Town Attorney, Greenfield
I am writing in response to your letter requesting an opinion as to the amount of control a town has over the extension of water and sewer services from an adjacent city into the town. According to your letter and telephone conversations with your office, the subject parcel of land lies entirely within the Town of Greenfield and is adjacent to the City of Saratoga Springs. The owner wishes to build 62 townhouses on the property. There are, however, no water or sewer districts serving the Town of Greenfield. Thus, the town cannot compel connection to an already existing system (Town Law, § 201). The owner has made arrangements with the City of Saratoga Springs for the provision of water service and is in the process of finalizing arrangements for sewer service. Because of a past annexation of town property by an adjacent community that provided water and sewer service to property within the town, the town board has expressed concern as to its control over the improvements.
Town approval of subdivision plats is governed by sections 276 and277 of the Town Law. Under section 276, the town board may authorize and empower a planning board to approve subdivision plats. Section 277 specifically provides:
 "In approving such plats the planning board shall require that * * * water mains, fire alarm signal devices including necessary ducts and cables or other connecting facilities, sanitary sewers and storm drains or combined sewers shall be installed all in accordance with standards, specifications and procedure acceptable to the appropriate town departments except as hereinafter provided * * *."
In accordance with this statute, the town may refuse to grant approval to any subdivision whose water or sewage facilities are not up to the town's standard. The town's approval, however, may not be unreasonably withheld or granted with unreasonable conditions (Parmadale Development, Inc. vTown of Parma, 35 A.D.2d 904 [4th Dept, 1970]; Matter of Medine v Burns,29 Misc.2d 890 [Sup Ct, Suffolk Co, 1960]). Approval of the subdivision, then, turns on whether the sewer and water services meet the town's standards, and not on whether the services are provided by another municipality.
With regard to the annexation concerns raised in your letter and in our telephone conversations, the standards for annexation are set forth in the General Municipal Law (§ 700, et seq.). In reviewing disputed annexations, the Appellate Division applies the standard of whether the annexation is in "the over-all public interest" (General Municipal Law, § 712). Although water and sewer services are among the factors considered by the court in determining what constitutes the overall public interest, they are not the only factors. The court considers all relevant factors, including the loss or gain of tax revenues by the municipalities involved, the relevant fire protection and any other factors deemed relevant (see Matter of City of Saratoga Springs v Town ofGreenfield, 34 A.D.2d 364, 366-368 [3d Dept, 1970], mot for lv to app den28 N.Y.2d 482 [1971]).
Accordingly, we conclude that if a town provides sewer or water services, it can require that a housing subdivision connect to the already existing systems. If the services are not provided, the private owners are entitled to receive the services under a private contract. In either instance, however, the town board may authorize the planning board to regulate the subdivision's water and sewer facilities.