■ In the Matter of VILLAGE OF ELMSFORD, Petitioner, and CROSS WESTCHESTER DEVELOPMENT CORP. et al., Petitioners-Intervenors, v TOWN OF GREENBURGH, Respondent.—Proceed-

ing pursuant to General Municipal Law § 712 for annexation of certain territory in the Town of Greenburgh by the Village of Elmsford and to determine whether the annexation is in the over-all public interest. This court, by order dated April 5, 1989, as amended August 21, 1989, designated the Honorable Leonard Rubenfeld, Morton B. Silberman and William A. Zeck as Referees to hear and report their findings of fact and conclusions of law. They have complied, the Referees Rubenfeld and Silberman issuing a majority report finding that the annexation is in the over-all public interest and the Referee Zeck dissenting and voting to oppose annexation. The petitioner and intervenors move, *inter alia,* to confirm the majority report dated November 28, 1989.

Ordered that the motion is granted; and it is further,

Adjudged that the majority report of the Referees is confirmed, without costs or disbursements, and it is adjudged that the proposed annexation is in the over-all public interest.

The petitioner Village of Elmsford (hereinafter Elmsford) has filed a petition seeking to annex a mostly wooded, 23.48-acre territory located on the lower portion of a hill overlooking and adjacent to it. The territory in question is currently located in the Town of Greenburgh (hereinafter Greenburgh). This court, by order of reference pursuant to General Municipal Law § 712, designated the Honorable Leonard Rubenfeld, Morton B. Silberman and William A. Zeck as Referees to hear and report thereon. Following a hearing, a majority report finding that annexation was in the over-all public interest and a dissenting report opposing annexation were issued. We concur with the majority's finding that the proposed annexation is in the over-all public interest.

Although the Referees' reports are entitled to great weight, they are advisory only, and this court retains exclusive responsibility to judge the proposed annexation by the sole relevant criteria of "over-all public interest" (General Municipal Law § 712 [10]; *Common Council v Town Bd.,* 143 AD2d 215, 216; *Matter of City of Auburn v Town of Aurelius,* 122 AD2d 585).

In determining whether a proposed annexation is in the over-all public interest, the focus is on such matters as the benefit or detriment to the annexing municipality, to the territory to be annexed, and to the municipality from which the annexed territory would be taken *(see, Common Council v Town Bd., supra; Matter of City Council v Town Bd.,* 32 AD2d 52, *affd* 27 NY2d 369). " 'Benefit and detriment are custom-

arily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education' " *(Common Council v Town Bd., supra,* at 216, citing *Matter of Town of Lansing v Village of Lansing,* 80 AD2d 942). In addition, a court should consider the issue of whether or not the annexing local government and the territory to be annexed have the requisite unity of purpose and facilities to constitute a community *(see, Matter of the Common Council v Town Bd.,* 32 NY2d 1, 6).

We hold that based upon the evidence adduced at the hearing, Elmsford has amply met its burden of proving that the proposed annexation is in the over-all public interest. There are five single-family residences located on the subject territory all of which are either owned or occupied by the original petitioners for annexation. The territory, by its topography and location, dominates the physical setting of Elmsford, and Greenburgh's own planning consultant testified that any development of the hill would have a greater impact on Elmsford. Most municipal services including fire protection, water and sewer service, and public school education are provided to the territory by Elmsford, not by the Town of Greenburgh. Furthermore, the Elmsford police have often responded to calls from the territory and are capable of doing so if the territory is annexed and developed. Elmsford's police and fire departments are located a quarter of a mile from the territory while Greenburgh's are located some two miles away. In addition, the territory is only accessible through Elmsford's streets. Upon all of the foregoing, it is readily apparent that Elmsford and the territory to be annexed have "the requisite unity of purpose and facilities to constitute a community" *(Matter of Common Council v Town Bd., supra,* at 6; *see, Town Bd. v City Council,* 59 AD2d 1041).

While the residents of the parcel would no longer have free library privileges in Greenburgh and would no longer be able to participate in all of Greenburgh's recreational activities, such disadvantages are relatively insignificant compared to the benefits which annexation would bring. We do not concur with the dissenting Referee's conclusion that annexation would serve only the private interest of the intervenor Cross Westchester Development Corp. in avoiding Greenburgh's zoning laws. Elmsford has a need for more land to meet its housing needs and has no current plans to develop the property or to change the zoning of the territory if annexation is approved. Upon all of the evidence, we conclude that the annexation would be beneficial to Elmsford and to the interve-

nors, and would not significantly injure the respondent Greenburgh. As such, the proposed annexation is in the over-all public interest.

General Municipal Law § 713 provides that within 90 days after entry of the judgment of this court a special election shall be held in the subject territory on the question of whether the annexation should be approved. However, since all the residents of the subject territory acknowledged that they are in favor of the proposed annexation and have filed consents for the proposed annexation, the requirement for a special election can be dispensed with *(see, Common Council v Town Bd.,* 40 AD2d 543, 544; *Matter of City of Auburn v Town of Aurelius,* 122 AD2d 585, *supra).* Brown, J. P., Kooper, Sullivan and Harwood, JJ., concur.