■ In the Matter of CITY OF RENSSELAER et al., Petitioners, v TOWN BOARD OF THE TOWN OF NORTH GREENBUSH, Respondent.—Levine, J. Proceeding initiated in this court pursuant to General Municipal Law § 712 to confirm the report of the Referees that the proposed annexation to the City of Rensselaer of certain territory in the Town of North Greenbush is in the over-all public interest.

In August 1988, six owners of real property located in the Town of North Greenbush, Rensselaer County, petitioned the governing bodies of petitioner City of Rensselaer and the town to have their property, consisting of approximately 129 acres, annexed to the city. Following joint hearings on the matter, petitioner Common Council of the city adopted a resolution approving the annexation and respondent, the Town Board of the town, adopted a resolution denying the petition. Thereafter, in May 1989, petitioners initiated the instant proceeding in this court pursuant to General Municipal Law § 712, seeking a judgment that the proposed annexation is in the over-all public interest. By order dated June 8, 1989, this court designated three Referees to hear the matter and report to the court *(see,* General Municipal Law § 712 [6] ). Based upon, *inter alia,* the pleadings, the transcript of the public hearings, the pretrial conferences with the parties' counsel and a stipulation of facts, the Referees unanimously concluded that annexation is in the over-all public interest. Petitioners have moved this court for an order confirming in full the Referees' report and directing that judgment be entered in their favor.

It being the exclusive responsibility of this court to determine whether the proposed annexation is in the over-all public interest *(see,* General Municipal Law § 712 [10]; *Common Council v Town Bd.,* 143 AD2d 215, 216; *Matter of City of Auburn v Town of Aurelius,* 122 AD2d 585, 586, *lv denied* 68 NY2d 610), we have weighed the benefit or detriment to the city, the territory proposed to be annexed and the town and agree with the conclusion reached by the Referees that annexation is in the over-all public interest *(see, Common Council v Town Bd., supra; Matter of City of Ogdensburg v Town of Oswegatchie,* 76 AD2d 1012, 1013, *lv denied* 51 NY2d 706; *Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364, 366, *lv denied* 28 NY2d 482). It is undisputed that the territory at issue is currently unfit for residential development because it lacks an adequate water supply and that the town is unable to supply the territory with either public water or sewer facilities. Further, the town admittedly cannot raise the funds necessary to become a joint user of the existing water system utilized by the city and cannot independently supply the territory with public sewer facilities in the future. The city, however, is able and willing to provide immediate public water and sewers to the subject territory so that residential development, which is desired by the property owners within the territory, may occur. The city also has adequate educational, police and fire protection services to cover the territory in the event of such development.

Although the record establishes that annexation will result in a .15% loss of total tax assessment revenue for the town, such a consequence cannot "override the paramount public concern for an expeditious solution of the [territory's] water problem" *(Matter of Common Council v Town Bd.,* 63 AD2d 1081, 1082). Moreover, the record also establishes that residential development of the territory will benefit the city by increasing its tax assessment revenue and indirectly benefit the town by increasing the tax base for Rensselaer County. Based upon the foregoing, it is our view that the benefits of annexation to the city and the territory proposed to be annexed outweigh the detriment to the town *(see, Matter of City of Saratoga Springs v Town of Greenfield, supra,* at 368).

As a final matter, we dispense with the requirement of a special election for approval of the proposed annexation *(see,* General Municipal Law § 713), since all of the property owners within the territory have stipulated their assent to the annexation *(see, Matter of City of Auburn v Town of Aurelius, supra; Town Bd. v City Council,* 59 AD2d 1041, 1042).

Report confirmed, without costs, judgment granted in favor of petitioners and it is determined that the proposed annexation is in the over-all public interest. Casey, J. P., Mikoll, Yesawich, Jr., Levine and Mercure, JJ., concur.