◼ In the Matter of CITY OF KINGSTON COMMON COUNCIL et al., Petitioners, v TOWN OF ULSTER, Respondent. [807 NYS2d 708]—

---

Lahtinen, J. Proceeding initiated in this Court pursuant to General Municipal Law § 712 to determine whether the proposed annexation of certain property now located in the Town of Ulster to the City of Kingston is in the overall public interest.

Petitioners Timothy Kovacs and Frances Kovacs applied pursuant to General Municipal Law § 703 to have petitioner City of Kingston annex a 4.46-acre parcel they own in the Town of Ulster, Ulster County. Petitioner City of Kingston Common Council approved the annexation, but respondent's Town Board voted against annexation. The City's Common Council initiated a proceeding in this Court seeking a determination that the proposed annexation was in the overall public interest (*see* General Municipal Law § 712). The Kovacses were permitted to intervene as additional petitioners and we designated a three-referee panel to hear and report on the matter (*see* General Municipal Law § 712 [6]). Following a trial, the referees unanimously recommended denying the petition. The Kovacses made a motion, supported by the City, urging us to reject the referees' report. .

When presented with a dispute between municipalities regarding annexation, this Court must determine whether the proposed annexation is in the overall public interest (*see* General Municipal Law § 712 [1], [10]; *Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush*, 169 AD2d 936, 937 [1991]). " 'A determination of over-all public interest essentially entails focusing upon and weighing the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken' " (*Matter of Town of Plattsburgh v Town of Saranac*, 274 AD2d 852, 852-853 [2000], *lv denied* 95 NY2d 768 [2000], quoting *Matter of City of Saratoga Springs v Town of Greenfield*, 34 AD2d 364, 366 [1970], *lv denied* 28 NY2d 482 [1971]). " 'Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education' " (*Matter of Caruso v Moss*, 161 AD2d 1038, 1038-1039 [1990], quoting *Matter of Town of Lansing v Village of Lansing*, 80 AD2d 942, 942 [1981]). Another consideration is whether "the annexing local government and the territory to be

annexed have the requisite unity of purpose and facilities to constitute a community" (*Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 32 NY2d 1, 6 [1973]). The burden of proof rests on the party seeking annexation (*see Matter of City of Ogdensburg v Town of Oswegatchie*, 76 AD2d 1012, 1013 [1980], *lv denied* 51 NY2d 706 [1980]).

The relevant parcel contains a single-family dwelling and it is subject to a restrictive covenant prohibiting the lot from being divided. The easterly line of the property borders the City and the Kovacses enter and exit their property from a city street, Elaine Drive. The Kovacses are particularly interested in obtaining city water and sewer services, which are available on Elaine Drive. However, they already have a well on their property and, while less convenient than city water, they also have access through their property to a connection to the Town's water line. The Kovacses are currently permitted to use the City's sewer line and, even if that permission is withdrawn, they have ample land to install a septic system. The water and sewer options outside the City will cost the Kovacses additional funds and result in clearing some trees from their lot. Nevertheless, when they purchased this lot they knew it was in the Town. Further, other homes in the vicinity that are located in the Town have installed wells and septic systems. The same school district covers both the City and the Town in the relevant area. The record does not reflect a significant difference in the fire departments of the two municipalities. The proposed annexation will not considerably increase taxes or provide for potential development. While the Kovacses have shown some personal advantages if their lot were in the City, they have not met their burden of showing that the annexation is in the overall public interest (*see Matter of City of Ogdensburg v Town of Oswegatchie, supra* at 1013; *cf. Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush, supra* at 937).

Cardona, P.J., Crew III, Spain and Mugglin, JJ., concur. Adjudged that the motion is denied, without costs, Referees' determination confirmed and it is adjudged that the proposed annexation is not in the overall public interest.