[884 NE2d 1000, 855 NYS2d 1]

In the Matter of CITY OF UTICA, Respondent, v TOWN OF FRANK-FORT et al., Respondents, and COUNTY OF HERKIMER, Appellant. TRUSTEES OF MASONIC HALL AND ASYLUM FUND, Doing Business as MASONIC CARE COMMUNITY, Intervenor-Respondent.

Argued January 10, 2008; decided February 14, 2008

## POINTS OF COUNSEL

*Robert J. Malone, County Attorney,* Herkimer (*Lorraine H. Lewandrowski* of counsel), for appellant. I. Where a county boundary will be changed, it was patent error of law for the court below to approve annexation based solely upon findings that the nonmunicipal intervenor Trustees of Masonic Hall and Asylum Fund would benefit by annexation. (*Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 27 NY2d 369; *Mayor of Vil. of Mount Kisco v Supervisor of Town of Bedford,* 45 NY2d 335; *Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie,* 3 NY3d 508; *Matter of WEOK Broadcasting Corp. v Planning Bd. of Town of Lloyd,* 79 NY2d 373; *Matter of City of Ogdensburg v Town of Oswegatchie,* 76 AD2d 1012.) II. It was an error of law for the court below to dispense with special election requirements set forth in the New York State Constitution and General Municipal Law § 713 that require a majority vote of all persons residing in the territory proposed to be annexed to approve of annexation. (*Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 27 NY2d 369; *City of Jamestown v Town of Ellicott,* 185 AD2d 627; *Matter of Village of Elmsford v Town of Greenburgh,* 164 AD2d 914; *Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush,* 169 AD2d 936; *Matter of Common Council of City of Norwich v Town Bd. of Town of Norwich,* 40 AD2d 615.)

*Getnick Livingston Atkinson Gigliotti & Priore, LLP,* Utica (*Michael E. Getnick* of counsel), for City of Utica, respondent and intervenor-respondent. I. Herkimer County has failed to meet its burden in seeking to have a reversal of the Appellate Division decision providing for annexation. (*Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown,* 32 NY2d 1; *Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 32 AD2d 152, 27 NY2d 369; *Mayor of Vil. of Mount Kisco v Supervisor of Town of Bedford,* 45 NY2d 335.) II. The change of a county boundary line is appropriate under the General Municipal Law. (*Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 27 NY2d 369; *Matter of City Council of City of Watervliet v Town Bd. of Town of Colonie,* 3 NY3d 508.) III. The Appellate Division determination in favor of annexation properly consid-

ered the Referees' report and gave weight to the Referees' recommendations. (*Matter of Town of Niagara v City of Niagara Falls,* 19 AD3d 1076, 5 NY3d 713; *Matter of Incorporated Vil. of Ilion v Town Bd. of Frankfort,* 261 AD2d 952; *William P. Pahl Equip. Corp. v Kassis,* 182 AD2d 22, 80 NY2d 1005, 81 NY2d 782; *Matter of Quinby v Public Serv. Commn. of State of N.Y. for Second Dist.,* 227 NY 601; *Matter of Town of Plattsburgh v Town of Saranac,* 274 AD2d 852; *Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon,* 32 AD2d 152, 27 NY2d 369.) IV. Under the unique circumstances of this case, the evidence overwhelmingly demonstrates the requisite unity of purpose constituting a community. (*Matter of City of Amsterdam v Town Bd. of Town of Amsterdam,* 100 AD2d 661, 62 NY2d 604; *Matter of Town of Niagara v City of Niagara Falls,* 19 AD3d 1076; *Matter of Mayor of Vil. of Akron v Town Bd. of Town of Newstead,* 238 AD2d 902; *Matter of Board of Trustees of Vil. of Spring Val. v Town of Clarkstown,* 292 AD2d 450; *Matter of Common Council of City of Middletown v Town Bd. of Town of Wallkill,* 29 AD2d 561.) V. Unifying the Masonic Care Community campus through annexation will provide numerous benefits. VI. There will be no discernable tax loss or other detriment to the Town of Frankfort and County of Herkimer. (*Matter of Trustees of Masonic Hall & Asylum Fund v Town of Frankfort,* 289 AD2d 947; *Matter of City of Auburn,* 79 AD2d 1104, 53 NY2d 937; *Matter of Incorporated Vil. of Ilion v Town Bd. of Frankfort,* 261 AD2d 952.) VII. Annexation should be granted as there are numerous benefits and no demonstration of detriment. (*Matter of Town of Niagara v City of Niagara Falls,* 19 AD3d 1076.) VIII. The Appellate Division properly determined that the special election may be dispensed with under the circumstances of the case and because a majority of the individuals qualified to vote approved the annexation. (*City of Jamestown v Town of Ellicott,* 185 AD2d 627; *Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush,* 169 AD2d 936; *Matter of Village of Elmsford v Town of Greenburgh,* 164 AD2d 914; *Matter of City of Saratoga Springs v Town of Greenfield,* 34 AD2d 364; *Matter of City of Auburn v Town of Aurelius,* 122 AD2d 585, 68 NY2d 610; *Matter of Common Council of City of Norwich v Town Bd. of Town of Norwich,* 40 AD2d 615.)

**OPINION OF THE COURT**

JONES, J.

In this special proceeding commenced pursuant to article 17

of the General Municipal Law ("Municipal Annexation Law"), petitioner City of Utica sought annexation of approximately 225 acres of property owned by intervenor-respondent (Masonic Care Community or MCC), which supported the proposed annexation, from respondents Town of Frankfort and Herkimer County, which opposed annexation.

Pursuant to General Municipal Law § 712, the Appellate Division appointed three Referees to hear evidence and report on whether the proposed annexation was in the overall public interest. In April 2006, the Referees issued an advisory report recommending approval of the annexation. The Appellate Division confirmed the report and entered judgment granting the petition. After entry of the judgment, an MCC representative reviewed respondent Herkimer County's election records, determined that there were 65 allegedly eligible voters—all senior citizens residing on the subject property—and, through an informal poll, obtained the signatures of 53 of the 65 on a statement of support for the annexation.

Respondents Town of Frankfort and Herkimer County moved for reargument or leave to appeal to this Court. Petitioner cross-moved for, among other things, an order dispensing with the special election required under General Municipal Law § 713 based on the statement of support. The Appellate Division denied respondents' motion to reargue, granted that portion of petitioner's cross motion seeking an order dispensing with the required special election, and denied the rest of petitioner's cross motion. We granted respondent Herkimer County leave to appeal and it now argues that the Appellate Division erred by improperly determining that petitioner met its burden of establishing that annexation was in the overall public interest and dispensing with the special election required for an article 17 annexation.

The municipality seeking an article 17 annexation has the burden of proving that annexation is in the overall public interest (*see* General Municipal Law § 712; *see also* NY Const, art IX, § 1 [d]). A reviewing court must " 'weigh[ ] the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken' " (*Matter of Town of Plattsburgh v Town of Saranac*, 274 AD2d 852, 852-853 [3d Dept 2000], quoting *Matter of City of Saratoga Springs v Town of Greenfield*, 34 AD2d 364, 366 [3d Dept 1970]). "Benefit and detriment are customarily defined in terms of municipal services such as police

and fire protection, health regulations, sewer and water service, public utilities and public education" (*Matter of Town of Lansing v Village of Lansing*, 80 AD2d 942, 942 [3d Dept 1981]). "Another factor entering into the balance is whether the annexing municipality and the territory proposed to be annexed have 'the requisite unity of purpose and facilities to constitute a community' " (*Matter of Incorporated Vil. of Ilion v Town Bd. of Frankfort*, 261 AD2d 952, 952 [4th Dept 1999], quoting *Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown*, 32 NY2d 1, 6 [1973]).

In Municipal Annexation Law proceedings, the Appellate Division functions as a quasi-legislative body (*see Mayor of Vil. of Mount Kisco v Supervisor of Town of Bedford*, 45 NY2d 335, 341 [1978]). Thus, " 'so long as the Appellate Division acted pursuant to law its judgment may not be overturned. Any issues resolved by it remain invulnerable if there was any rational basis for its findings and conclusions' " (*id.*, quoting *Matter of City Council of City of Mechanicville v Town Bd. of Town of Halfmoon*, 27 NY2d 369, 373-374 [1971]).

■ Here, the Appellate Division applied the foregoing standard correctly and had a rational basis for its determination that annexation would be in the overall public interest. Among other things, the court compared the respective abilities of petitioner City of Utica and respondent Town of Frankfort to provide essential police and firefighter services and resolved that petitioner's services were superior. The court also concluded that MCC, the only occupant of the property in question, would be able to streamline the elder and health-related services it provides since its facilities would be located in one county. Further, the court accorded great weight to the Referees' conclusion that the impact of annexation on respondents Town of Frankfort and Herkimer County would be minimal.

■ However, we agree with respondent Herkimer County that the Appellate Division erred as a matter of law when it dispensed with the required special election. Article IX, § 1 (d) of the New York State Constitution provides: "No local government or any part of the territory thereof shall be annexed to another until the people, if any, of the territory proposed to be annexed shall have consented thereto by majority vote on a referendum." General Municipal Law § 713 (1) implements this constitutional provision and requires that:

"Not later than ninety days after the entry of a final

judgment of a court . . . approving a proposed annexation, the governing board of each city, town and village in which such territory is situated shall call a special election . . . to determine whether the proposed annexation should be approved . . . . All persons residing in such territory proposed to be annexed and qualified to vote for officers of the city, town or village, as the case may be, in which such territory is situated shall be entitled to vote. . . . Except as otherwise provided herein, such election shall be conducted in the manner provided by law for the conduct of special elections in the city, town or village, as the case may be, in which such territory is situated."

In addition, "[a]ll elections by the citizens . . . shall be by ballot, or by such other method as may be prescribed by law, provided that secrecy in voting shall be preserved" (NY Const, art II, § 7; *see also* Election Law § 8-300 [2] [voting "shall be secret and obscured from all other persons"]). Such secrecy ensures that votes are cast in an environment free of coercion or undue influence.

Thus, upon entry of the Appellate Division's final judgment approving a proposed annexation, the governing board of the municipality in which the proposed annexation territory is situated shall promptly (within 90 days of entry of judgment) call a special election (General Municipal Law § 713). Relatedly, the plain language of the foregoing constitutional and statutory provisions makes clear that all persons who reside on property sought to be annexed (i.e., those determined to be eligible voters) have the right to cast a secret vote or ballot in such election. Recognizing the importance and fundamental nature of this right, we hold that the special election required in a Municipal Annexation Law proceeding cannot be dispensed with no matter how few eligible voters there are or how superfluous such election might be.

■ We note that three Appellate Division Departments have, under certain circumstances, permitted annexation without a referendum.[1] Although it may be reasonable to conclude that a special election is unnecessary if those affected by a proposed

---

1. *See e.g. Common Council of City of Middletown, Orange County v Town Bd. of Town of Wallkill, Orange County*, 40 AD2d 543, 544 (2d Dept 1972) (subject property vacant and uninhabited); *Matter of Village of Elmsford v Town of Greenburgh*, 164 AD2d 914, 917 (2d Dept 1990) (all affected residents

annexation signify approval to it through filing formal consent forms or entering stipulations, or through offering testimony in support of annexation at the hearing before the Referees, such a conclusion directly contravenes the State Constitution, Municipal Annexation Law and Election Law, and, therefore, goes beyond the Appellate Division's discretion in annexation proceedings.[2] Based on the foregoing, we decline to recognize the Appellate Division decisions dispensing with the required special election because we do not see these decisions as setting forth adequate exceptions to the general rule requiring secret voting at a special election.

Accordingly, the order of the Appellate Division should be modified, without costs, and the matter remitted to that court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ and SMITH concur; Judge PIGOTT taking no part.

Order modified, etc.

---

filed formal consents in support of proposed annexation); *Matter of City of Saratoga Springs v Town of Greenfield*, 34 AD2d 364, 368 (3d Dept 1970) (parties stipulated on the record that any election would be in favor of annexation because all eligible voters were employees of one of the petitioners), *lv denied* 28 NY2d 482 (1971); *Matter of Common Council of City of Norwich v Town Bd. of Town of Norwich*, 40 AD2d 615 (3d Dept 1972) (all eligible voters testified at the annexation hearing that they favored annexation and would vote for same if an election were held); *Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush*, 169 AD2d 936, 937 (3d Dept 1991) (all affected property owners "stipulated their assent to the annexation"); *City of Batavia v Town of Batavia*, 45 AD2d 203, 206 (4th Dept 1974) (territory proposed to be annexed was uninhabited), *lv denied* 35 NY2d 644 (1974); *Town Bd. of Town of Brighton v City Council of City of Rochester*, 59 AD2d 1041, 1042 (4th Dept 1977) (the only qualified voters were intervenors favoring annexation); *Matter of City of Auburn v Town of Aurelius*, 122 AD2d 585, 586 (4th Dept 1986) (all residents of subject property filed consents in support of proposed annexation), *lv denied* 68 NY2d 610 (1986); *City of Jamestown v Town of Ellicott*, 185 AD2d 627, 628 (4th Dept 1992) (majority of eligible voters "stipulated their assent to the annexation").

2. In a case where the property to be annexed is uninhabited (*see e.g. Common Council of City of Middletown*, 40 AD2d at 544 and *Town of Batavia*, 45 AD2d at 206), the strictures of article IX, § 1 (d) of the New York State Constitution and General Municipal Law § 713 are obviously not applicable (i.e., no special election required) because there are no persons residing on the property sought to be annexed.