In the Matter of VILLAGE OF HAMILTON, Petitioner, v TOWN OF MADISON, Respondent. [951 NYS2d 597]—

Spain, J. Proceeding initiated in this Court pursuant to General Municipal Law § 712 to determine whether the proposed annexation of property now located in the Town of Madison to the Village of Hamilton is in the overall public interest.

In December 2011, Wesley Wendt Sr. petitioned the parties' respective governing bodies to have 1.59 acres of uninhabited land owned by him and located in the Town of Madison annexed to the Village of Hamilton. A joint hearing was held, following which petitioner's Board of Trustees passed a resolution approving the annexation and respondent's Town Board passed a resolution disapproving it. Petitioner then commenced this proceeding pursuant to General Municipal Law § 712 seeking a determination that annexation is in the overall public interest. This Court designated three Referees to hear the matter who, following a hearing, issued a report finding the annexation to be in the overall public interest. Petitioner now moves, unopposed by respondent, to confirm the Referees' report.

The owner of the subject property wishes to develop it in connection with the hotel he owns on the adjoining property, which is located within the Village of Hamilton. Based upon our independent review of the record, we find that annexation will facilitate the provision of municipal services to the subject property (*see Matter of City of Utica v Town of Frankfort*, 10 NY3d 128, 132-133 [2008]; *Matter of City of Johnstown v Town of Johns-*

*town*, 244 AD2d 589, 589 [1997]), will not have significant tax implications for respondent (*see Matter of Caruso v Moss*, 161 AD2d 1038, 1038 [1990]), and will not "result in the irregular and jagged indentations of the boundaries between the municipalities condemned by the courts" (*id.* at 1039 [internal quotation marks and citations omitted]). Accordingly, having weighed "the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken," (*Matter of City of Utica v Town of Frankfort*, 10 NY3d at 132 [internal quotation marks and citation omitted]; *see Matter of City of Kingston Common Council v Town of Ulster*, 25 AD3d 1029, 1030 [2006]), and considering that the petition is unopposed, we conclude that annexation is in the overall public interest (*see* General Municipal Law § 712 [1], [10]; *Matter of City of Johnstown v Town of Johnstown*, 244 AD2d at 589). Because the subject parcel is presently uninhabited, no special election is required (*see Matter of City of Utica v Town of Frankfort*, 10 NY3d at 135 n 2; *Matter of Caruso v Moss*, 161 AD2d at 1039-1040).

Mercure, J.P., Malone Jr., Kavanagh and Egan Jr., JJ., concur. Adjudged that the motion is granted, without costs, Referees' report confirmed and it is adjudged that the proposed annexation is in the overall public interest.