*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 22, 2015                    516011
_____

In the Matter of CITY OF
    GLOVERSVILLE et al.,
                    Petitioners,
        v                                   MEMORANDUM AND JUDGMENT

TOWN OF JOHNSTOWN,
                    Respondent.
_____

Calendar Date:  November 17, 2014

Before:  Peters, P.J., Rose, Egan Jr. and Lynch, JJ.

_____

    Anthony Casale, City Attorney, Gloversville, for City of
Gloversville, petitioner.

    Wood & Seward, LLP, Gloversville (Benjamin C. McGuire of
counsel), for Recreational Realty, Inc. and another, petitioners.

    Miller, Mannix, Schachner & Hafner, LLC, Glens Falls (Cathi
L. Radner of counsel), for respondent.

_____

Rose, J.

    Proceeding initiated in this Court pursuant to General
Municipal Law § 712 to determine whether the proposed annexation
of property now located in the Town of Johnstown to the City of
Gloversville is in the overall public interest.

    Petitioners Recreational Realty, Inc. and Stephen Mauro,
owners of 16.6 acres of unimproved real property located in the
Town of Johnstown, Fulton County, requested in 2012 that the
property be annexed by petitioner City of Gloversville.  After a
joint public hearing, respondent's Town Board voted to deny the

request while the City's Common Council voted in favor of annexation.  The City thereafter commenced this special proceeding pursuant to General Municipal Law § 712 seeking a judgment that annexation was in the overall public interest, and the owners of the property were permitted to intervene (see General Municipal Law § 712 [4]).  We then designated a panel of three Referees to hear and report on the proposed annexation (see General Municipal Law § 712 [6]).  Following a trial, the Referees visited the property, viewed the surrounding area and issued a report unanimously recommending annexation.  Petitioners now move to confirm the report, and respondent cross-moves to reject it.

A municipality seeking annexation pursuant to General Municipal Law article 17 "has the burden of proving that annexation is in the overall public interest" (Matter of City of Utica v Town of Frankfort, 10 NY3d 128, 132 [2008]; see NY Const, art IX, § 1 [d]; General Municipal Law § 712 [10]).  Factors to be considered include "the benefit or detriment to the annexing municipality, the territory proposed to be annexed, and the remaining governmental unit from which the territory would be taken" (Matter of City of Utica v Town of Frankfort, 10 NY3d at 132 [internal quotation marks and citations omitted]).  "'Benefit and detriment are customarily defined in terms of municipal services such as police and fire protection, health regulations, sewer and water service, public utilities and public education'" (id., at 132-133, quoting Matter of Town of Lansing v Village of Lansing, 80 AD2d 942, 942 [1981]).  "Another factor entering into the balance is whether the annexing municipality and the territory proposed to be annexed have the requisite unity of purpose and facilities to constitute a community" (Matter of City of Utica v Town of Frankfort, 10 NY3d at 133 [internal quotation marks and citations omitted]; see Matter of Common Council of City of Gloversville v Town Bd. of Town of Johnstown, 32 NY2d 1, 6 [1973]).

Here, petitioners established that the lack of municipal water and sewer services in the Town are a major impediment to the development of the property.  Mauro testified that he has marketed the property for three years, but potential developers are not interested in it because it lacks access to these

services. The services would, however, be available if the property were to be annexed to the City. Mauro and Recreational Realty also own a 12-acre parcel located within the City adjacent to the property. The combination of the owners' two parcels into a single parcel of nearly 30 acres would allow for multiple projects to be developed on the site. The City's mayor testified that the parcel is in a location where commercial development has already occurred within the City and where the City would like to continue such development. The mayor also testified that he has been in communication with developers who are interested in the general area, but only if public water and sewer services are available for their buildings. According to the mayor, the City is in need of new revenue sources and has limited vacant land of similar size available. Although the Town claims that the annexation is premature absent a specific proposal for development, the evidence reveals that no such proposal is likely without the ability to provide municipal sewer and water services.

The City also established that it provides professional fire and police protection that is better trained and more readily available than the emergency protection services available in the Town. The City bears the expense of full-time, fully-equipped police and fire departments covering a smaller geographic area, while the Town relies on the County Sheriff and volunteer fire departments. As a result, the City's fire insurance rating is considerably better than that of the Town. Further, any development that occurs in the City will generate more tax revenue to defray the burden on the City's taxpayers of the expense of maintaining professional police and fire departments, based on the City's higher tax rate of $21.41 per thousand. For its part, the Town will lose only the minimal annual tax revenue of $51.06, based upon its 2013 tax rate of $1.36 per thousand. Although the Town argues against annexation based on the potential loss of taxes should the parcel be developed, "ordinarily expected adverse tax consequence[s] . . . [are] generally insufficient to defeat an annexation which is otherwise in the over-all public interest" (Matter of Town of Plattsburgh v Town of Saranac, 274 AD2d 852, 854 [2000], lv denied 95 NY2d 768 [2000]; see Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush, 169 AD2d 936, 937 [1991]).

Moreover, increased tax revenue generated by development of the parcel in the City will "indirectly benefit the [T]own by increasing the tax base for [the] County" (Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush, 169 AD2d at 937).

In our view, any detriment to the Town is far outweighed by the benefits of annexation to the City based on the City's municipal water and sewer services, as well as its professional, higher-rated emergency services and the resulting ability to develop the combined parcel in the same manner and with the same services and facilities. Accordingly, we are in agreement with the unanimous conclusion of the Referees that annexation would be in the overall public interest (see Matter of Village of Hamilton v Town of Madison, 98 AD3d 1195, 1195-1196 [2012]; Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush, 169 AD2d at 937; Matter of Caruso v Moss, 161 AD2d 1038, 1039 [1990]).

Peters, P.J., Egan Jr. and Lynch, JJ., concur.

ADJUDGED that the motion is granted and cross motion denied, without costs, Referees' report confirmed and it is adjudged that the proposed annexation is in the overall public interest.

ENTER:

Robert D. Mayberger
Clerk of the Court