# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered: April 2, 2015                    519346
_____

RURAL COMMUNITY COALITION,
    INC., et al.,
                    Respondents-
                    Appellants,

        v

VILLAGE OF BLOOMINGBURG et al.,
                    Defendants,          MEMORANDUM AND ORDER
        and

TOWN OF MAMAKATING et al.,
                    Respondents,
        and

SHALOM LAMM et al.,
                    Appellants-
                    Respondents.
_____


Calendar Date:  February 10, 2015

Before:  Lahtinen, J.P., Garry, Lynch and Devine, JJ.

                    _____


        Whiteman Osterman & Hanna, LLP, Albany (John J. Henry of
counsel), appellants-respondents.

        Montalbano, Condon & Frank, PC, New City (Kurt E. Johnson
of counsel), for respondents-appellants.

        Jacobowitz & Gubits, LLP, Walden (J. Benjamin Gailey of
counsel), for respondents.

                    _____

Lahtinen, J.P.

Cross appeals from an order of the Supreme Court (Schick, J.), entered July 31, 2014 in Sullivan County, which partially denied certain defendants' motion to dismiss the complaint against them.

This case involves a challenge to a townhouse project in the Village of Bloomingburg, Sullivan County. The underlying facts are set forth in more detail in our recent decision involving an earlier appeal (118 AD3d 1092 [2014]). Briefly, defendants Shalom Lamm and Kenneth Nakdimen, individually and through defendant corporations (hereinafter collectively referred to as the developer defendants), have been pursuing the project since 2006. As part of the project, a portion of property in the Town of Mamakating, Sullivan County was annexed in 2006 by Local Law No. 3 (2006) of the Village of Bloomingburg (hereinafter the 2006 local law), with both defendant Town of Mamakating and defendant Village of Bloomingburg supporting such annexation. After construction started in 2012, some of the current plaintiffs brought an earlier action, which Supreme Court (Cahill, J.) dismissed; no appeal was taken. In 2014, this action was commenced alleging, among other things, that the 2006 local law was void. The Town essentially agreed with plaintiffs' position and also asserted cross claims. Supreme Court (Schick, J.) granted plaintiffs a preliminary injunction. This Court reversed (118 AD3d 1092 [2014], supra). By such time, the Village – which had elected a new mayor – changed its position in the pending litigation to opposing the validity of the 2006 local law. Thereafter, in addressing the developer defendants' current motion to dismiss, Supreme Court converted that part of the motion to dismiss to one for summary judgment regarding only plaintiffs' cause of action challenging the validity of the annexation, and the court granted summary judgment to plaintiffs on such issue, declaring that the 2006 local law authorizing the annexation was void ab inito. As for the rest of plaintiffs' claims and the Town's cross claims, Supreme Court granted the developer defendants' motion to dismiss. The developer defendants and plaintiffs each appeal from different aspects of Supreme Court's order.

Plaintiffs' challenge to the 2006 local law was untimely. Supreme Court found that, because residents of the annexed area had not voted on the annexation in 2006, the annexation was null and void, no statute of limitations applied and the property remained in the jurisdiction of the Town. At the time the annexation occurred, there was authority authorizing annexations that had occurred without a formal vote in some limited situations, such as where the affected residents made clear their consent (see e.g. Matter of City of Rensselaer v Town Bd. of Town of N. Greenbush, 169 AD2d 936, 937 [1991]; Matter of City of Saratoga Springs v Town of Greenfield, 34 AD2d 364, 368 [1970], lv denied 28 NY2d 482 [1971]). However, in 2008, the Court of Appeals clarified the law holding that, where there are residents in the affected area, a formal, secret vote must be taken (see Matter of City of Utica v Town of Frankfort, 10 NY3d 128, 133-135 [2008]).

The current action was commenced over seven years after the annexation and nearly six years after the clarifying decision in Matter of City of Utica v Town of Frankfort (supra). This is not a situation of an ongoing border disagreement between municipalities (see e.g. Town of Saranac v Town of Plattsburgh, 218 AD2d 866, 867 [1995]). In fact, at the time of the annexation in 2006, such action was supported by the Town and the Village, and the record contains notarized statements of support by affected residents. Currently, the Town, the Village and many of the affected residents urge in unanimity the opposite result, i.e., that the annexation should now be set aside. Given such agreement, if this was merely an attempt to delineate boundaries, it could be easily resolved. However, that would not overturn the municipal approvals that were granted many years ago to the developer defendants or stop the ongoing townhouse project, which are the real objectives of plaintiffs, the Town and the Village. Simply stated, this action is not about borders, it is about development approvals given well after the annexation that the municipalities now regret granting, and which allegedly may have been obtained as a result of chicanery or worse conduct.

Nor is this a case of an ongoing or continuous wrong, as in the recent case of Capruso v Village of Kings Point (23 NY3d 631 [2014]). Here, the failure to conduct a secret ballot of

residents on the annexation gave rise to a single, discrete wrong (cf. id. at 640), which could have been challenged in a timely fashion.  Nothing in the Court of Appeals' decision in City of Utica, which was commenced in a timely manner and where the Court clarified the resident voting requirement while noting the less exacting procedures that had been used in many earlier annexations (Matter of City of Utica v Town of Frankfort, 10 NY3d at 134 n 1), indicated that those earlier annexations were void or could be challenged at any time, even though some had occurred decades earlier.  For the reasons set forth herein, as well as those previously stated when this case was before us (118 AD3d at 1095-1096), we conclude that the challenge to the annexation — commenced over seven years after it was completed — is barred by the statute of limitations.  The developer defendants' motion to dismiss plaintiffs' cause of action and the Town's cross claims based upon the purportedly defective annexation should have been granted.

We have considered the remaining arguments and, given the long delays in pursuing this matter as well as the earlier 2012 action that was dismissed, we are unpersuaded that Supreme Court's dismissal of the remaining causes of action was error (118 AD3d at 1096-1098).

Garry, Lynch and Devine, JJ., concur.

ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied that part of the motion of defendants Shalom Lamm, Kenneth Nakdimen and the defendant corporations seeking dismissal of plaintiffs' cause of action and any cross claims premised on Local Law No. 3 (2006) of the Village of Bloomingburg and (2) declared said local law null and void; said defendants' motion granted to that extent; and, as so modified, affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court