*256 OPINION OF THE COURT
Arthur W. Lonschein, J.
This is an action for a declaratory judgment that the plaintiff is entitled to possession of certain firearms in the possession of the property clerk of the New York City Police Department. The defendant police department moves for summary judgment.
The plaintiff is a police officer. His sister found two firearms among the effects of her deceased husband, and surrendered them to the plaintiff, who promptly surrendered them to the police department property clerk, so that an investigation could be conducted. There appears to be no question that the plaintiff at all times acted properly with regard to these firearms.
The investigation revealed that the plaintiff’s deceased brother-in-law had no license for these firearms, and therefore possessed them illegally. The investigation failed to uncover any indication that the firearms had been used in the commission of any crime, other than illegal possession of firearms. As illegally possessed firearms, however, they are contraband, and their destruction is mandated by law (Penal Law § 400.05) which declares them to be a nuisance. Certain exceptions to this policy of destruction are allowed, among them where preservation will serve the ends of justice (Penal Law § 400.05 [3]). Plaintiff, in his complaint, asks that the court apply the interest of justice exception so as to allow him to obtain lawful possession of them by purchase from his brother-in-law’s estate.
In order to apply this exception, the court must affirmatively certify that nondestruction will serve the interests of justice. This means, in the court’s opinion, that it must appear that a balancing of the interest of justice for and against destruction tips in favor of preservation. This balancing test, at least at the outset, is necessarily weighted in favor of destruction, since it must take into account the public policy favoring destruction set forth in the statute.
The superficially appealing point that these firearms were, after all, owned by plaintiff’s brother-in-law, and were in the family, so to speak, is completely vitiated by the fact that neither plaintiff nor his sister were aware of the existence of these weapons for some six years after plaintiff’s brother-in-law’s death.
It seems that plaintiff desires these firearms because they are pre-1940 models and therefore have especial monetary *257 value. Although there is no evidence on this point beyond the hearsay assertion of plaintiffs counsel, the court will assume arguendo that these weapons do have some special value as collector’s items. The Legislature has seen fit to except certain "antique firearms” from the general definition of "firearm” (Penal Law § 265.00 [3], [14]). Such antique firearms, while not specifically exempted from the destruction policy, are accorded special licensing status (Penal Law § 400.00 [2] [g]) and the court would be inclined to allow their preservation, based in their historical value. The firearms at bar, while they may be collector’s items, are not antiques within the meaning of the statute. Therefore, in the absence of concrete evidence that they have particular historical or other value, beyond mere monetary value, the court does not view their status as collector’s items as deserving of significant weight.
Against the public policy in favor of destruction, then, can be weighed only the plaintiffs status as a police officer, and the attendant argument that no harm will result if he is allowed to purchase these weapons. He is allowed to purchase other weapons, the arguments runs, and so there will be no effect on society if he is allowed to purchase these. The court accepts the propriety of plaintiffs intentions for these firearms. Nevertheless, the argument misses the point. In order to outweigh the public policy set forth by the Legislature, the preservation of the firearms must affirmatively serve the interests of justice. It is not enough that the preservation will work no harm. Further, it was the intent of the Legislature to remove weapons from the stream of commerce. Plaintiff has not informed the court of his plans for these firearms, but it is apparent that at some future point they will be returned to the stream of commerce. This would frustrate the legislative intent, and the court will not approve it without a valid and weighty reason.
Since the court finds no such reason here, it is constrained by the law to allow the destruction of the firearms. The motion by the defendant for summary judgment is granted, and the complaint is dismissed.