Salvatore OGNIBENE, Plaintiff–Appellant,

v.

NIAGARA COUNTY SHERIFF'S DEPARTMENT, Niagara County District Attorney's Office, Samuel J. Novara, Town of Wheatfield Court, Niagara County Court, Supreme Court, Niagara County, N.Y. State/Appellate Div. 4th Dept., New York State Court of Appeals, Defendants–Appellees.

No. 03–9310–CV.

United States Court of Appeals, Second Circuit.

Jan. 11, 2005.

Salvatore Ognibene, Niagara Falls, NY., for Appellant, pro se.

Claude A. Joerg, and R. Joseph Foltz, counsel for Appellees Niagara County

Sheriff's Department and Niagara County District Attorney's Office, for Appellees.

PRESENT: WINTER, SOTOMAYOR, Circuit Judges, and HOLWELL,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant Salvatore Ognibene appeals from a judgment of the district court *sua sponte* dismissing his 42 U.S.C. § 1983 complaint, which alleged a number of constitutional claims against the defendants—various state and county courts, including judges serving on those courts, the county sheriff's department, county prosecutors, and Ognibene's former counsel. We assume the parties' familiarity with the factual and procedural history of the case.

This Court reviews *de novo* a district court's *sua sponte* dismissal of a § 1983 complaint pursuant to 28 U.S.C. § 1915(e). *Giano v. Goord*, 250 F.3d 146, 149–50 (2d Cir.2001). To justify dismissal, it must be "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Because "most *pro se* plaintiffs lack familiarity with the formalities of pleading requirements, we must construe *pro se* complaints liberally, applying a more flexible standard to evaluate their sufficiency than we would when reviewing a complaint submitted by counsel." *Lerman v. Bd. of Elections*, 232 F.3d 135, 140 (2d Cir.2000).

For substantially the reasons stated by the district court, *see Ognibene v. Niagara County Sheriff's Dep't*, No. 03–CV–678E (W.D.N.Y. Dec. 2, 2003), we agree that (1) the claims against the Sheriff's Department, the Wheatfield County Court, and the District Attorney's Office are time-barred and moreover barred by *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); (2) any implicit claims against the Town Justice or prosecutors are similarly time-barred and moreover barred by the doctrines of absolute judicial and prosecutorial immunity; (3) the claims against the other courts are barred by the doctrine of sovereign immunity under the Eleventh Amendment; and (4) the claims against Novara are subject to dismissal because Novara is not a state actor for § 1983 purposes. The district court properly exercised its discretion in declining to exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Ognibene's state-law malpractice claim in the absence of any viable federal claim. *See First Capital Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 183 (2d Cir.2004) ("If the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.") (internal quotation and alteration marks omitted)).

Ognibene's contention that the district court erred in dismissing certain claims as time-barred because he continues to suffer injury from the defendants' unconstitutional infringement is unavailing. This Court has held that a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Pearl v. City of Long Beach*, 296 F.3d 76, 80 (2d Cir.2002) (citation and internal quotation marks omitted). "[T]he proper focus is on the time of the [unlawful] act, not the point at which the consequences of the act become[] painful.'" *Eagleston v. Guido*, 41 F.3d 865, 871 (2d

---

* The Honorable Richard J. Holwell, of the United States District Court for the Southern District, sitting by designation.

Cir.1994) (quoting *Chardon v. Fernandez,* 454 U.S. 6, 8, 102 S.Ct. 28, 70 L.Ed.2d 6 (1981)). Because Ognibene was aware of the alleged constitutional violations of the relevant defendants more than three years prior to bringing the present § 1983 action, *see Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 331–32 (2d Cir. 1997) (noting that the statute of limitations governing § 1983 actions arising in New York is three years), his claims against those defendants are time-barred, notwithstanding any continuing detrimental effects he may be suffering as a result of the alleged constitutional violations.

Accordingly, the judgment of the district court is AFFIRMED.