OPINION OF THE COURT
Dena E. Douglas, J.
Defendant, Albi Abdullah, was arraigned on August 1, 2008 on a charge of criminal possession of a weapon in the fourth *233 degree pursuant to Penal Law § 265.01 (1). Defendant moves for dismissal of the charge on the ground that Penal Law § 265.01 is unconstitutional and that such charge constitutes a violation of defendant’s Second Amendment right to keep and bear arms in his home for self protection, pursuant to US Constitution Amendments II and XIV; and pursuant to the holding of the United States Supreme Court in District of Columbia v Heller (554 US —, 128 S Ct 2783 [2008]). Defendant further supports his claim of unconstitutionality on the alleged arbitrary and capricious nature of the City’s gun licensing process as managed by the New York City Police Department.
The People base their response on the ground that the Supreme Court has repeatedly held that the language of the Second Amendment places limits upon the power of Congress, not upon the powers of the states. (See United States v Cruikshank, 92 US 542 [1875]; Presser v Illinois, 116 US 252 [1886].) The People argue that Heller, by its own terms, is neither applicable to nor binding upon the states, and that it cannot be interpreted to mean that the Second Amendment bars a state’s reasonable regulation of gun possession. The court has reviewed the defendant’s moving papers, the People’s response, relevant statutes and case law, and for the reasons discussed hereafter, denies the defendant’s motion.
Factual Summary
Pursuant to the complaint, defendant’s motion, and the response filed by the People, Police Officer Chiwen Cen was brought to the marital abode in response to a call that defendant was present in the home in violation of a temporary order of protection that had been issued ex parte on the previous day. When defendant was asked if he had any weapons he stated, in substance, that there was a weapon in the top cabinet in the kitchen. The officer recovered an unloaded .25 caliber semiautomatic pistol from inside a kitchen cabinet. Defendant was arrested for violation of Penal Law § 265.01 (1).
Discussion
The Supreme Court did specifically hold in Heller that the District of Columbia’s ban on the possession of handguns in the home violates the Second Amendment (554 US at —, 128 S Ct at 2821-2822) but the Court also stated that the right to keep and bear arms as secured by the Second Amendment is not unlimited (554 US at —, 128 S Ct at 2816) and that the Second Amendment is neither applicable to nor binding upon the states (Heller, 554 US at —, 128 S Ct at 2812-2813). The Court then *234 chose not to address the validity of the District of Columbia’s licensing requirement (554 US at —, 128 S Ct at 2819) and hypothesized that ‘‘[ajssuming that Heller is not disqualified from the exercise of Second Amendment rights, the District must permit him to register his handgun and must issue him a license to carry it in the home.” (554 US at —, 128 S Ct at 2822.)
Because New York does not have a complete ban on the possession of handguns in the home and because the District of Columbia is a federal enclave and not a state, Heller is distinguishable and its holding does not invalidate New York’s gun possession laws or regulations. The Second Amendment has been recently held not to apply to the states and is not incorporated into the Fourteenth Amendment. (See Bach v Pataki, 408 F3d 75, 86 [2d Cir 2005]; Parker v District of Columbia, 478 F3d 370, 391 n 13 [DC Cir 2007].) Therefore, in New York, possession of a firearm remains a criminal act, pursuant to Penal Law article 265, unless one holds a license to so possess, pursuant to Penal Law § 265.20 (3) and article 400. (People v Lynch, NYLJ, July 22, 2008, at 29.)
Defendant’s motion to dismiss on the ground that Penal Law § 265.01 violates the Second Amendment of the United States Constitution is denied.
It is worth noting that based on the file presently before the court the complaint is unconverted, as the operability of the firearm recovered is not documented therein. (People v Longshore, 86 NY2d 851 [1995]; People v Connelly, 54 AD3d 348 [2d Dept 2008].)