08-0455-cv
Mallard v. Potenza

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION: "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 12th day of May, two thousand ten.

PRESENT:   REENA RAGGI,
                      PETER W. HALL,
                      DENNY CHIN,
                              *Circuit Judges.*

-------------------------------------------------------

JAMES MALLARD,
              *Plaintiff-Appellant*,

              v.                                                                  No. 08-0455-cv

CHRISTOPHER POTENZA,
              *Defendant*,

SGT. McCABE, CITY OF NEW YORK,
              *Defendant-Appellee.*

-------------------------------------------------------

APPEARING FOR APPELLANT:        JAMES MALLARD, *pro se*, Bronx, New York.

APPEARING FOR APPELLEES:        JANET L. ZALEON, Senior Counsel, City of New York Law Department, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

Plaintiff James Mallard appeals pro se from (1) an award of summary judgment in favor of defendants on his claim that certain firearms were unlawfully seized from his home in violation of the Fourth Amendment and not returned to him in violation of due process; (2) the dismissal after trial of a related Fourth Amendment challenge to the seizure of certain knives on timeliness grounds; and (3) a jury award of nominal damages on his due process claim against the City of New York for failing to provide him with a means to obtain return of the knives. We assume familiarity with the facts and procedural history, which we reference only as necessary to explain our decision to affirm.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought." Terry v. Ashcroft, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted). We similarly apply de novo review to the district court's award of judgment as a matter of law. See Black v. Finantra Capital, Inc., 418 F.3d 203, 208 (2d Cir. 2005).

We readily affirm the challenged judgment with respect to Mallard's Fourth Amendment claims, as these were filed more than three years after the seizures of the firearms and knives at issue. See Jaghory v. N.Y. State Dep't of Educ., 131 F.3d 326, 331 (2d Cir. 1997) (noting that "statute of limitations for a claim under § 1983 that accrued in New York is three years"). The Supreme Court's decision in Wallace v. Kato, 549 U.S. 384 (2007), makes clear that such claims will be deferred pursuant to Heck v. Humphrey, 512

2

U.S. 477 (1994), "only where there exists . . . an outstanding criminal judgment." 549 U.S. at 393 (internal quotation marks omitted). No such judgment ever existed against Mallard. Mallard's contention that Wallace does not have retroactive effect is belied by Wallace itself, which applied its holding to the parties in that case. See Reynoldsville Casket Co. v. Hyde, 514 U.S. 749, 752 (1995) (discussing retroactive effect of Supreme Court decisions). Further, we agree with the district court that defendants preserved their statute of limitations defense by raising it in their answers to the complaint and amended complaint, at the summary judgment stage, and following the Supreme Court's decision in Wallace. See Santos v. Dist. Council of N.Y. City & Vicinity of United Bhd. of Carpenters & Joiners of Am., 619 F.2d 963, 967 & n.5 (2d Cir. 1980).

We further affirm the judgment with respect to Mallard's due process claim based on the retention of his firearms, because Mallard had no legitimate possessory interest in firearms for which he held no license. See N.Y. Penal Law § 400.05; Monzietti v. N.Y. City Police Dep't, 132 Misc. 2d 255, 256, 503 N.Y.S.2d 697, 699 (N.Y. Sup. Ct. 1986). Contrary to Mallard's contention, no different result is compelled by District of Columbia v. Heller, 128 S. Ct. 2783 (2008), which did not hold reasonable licensing requirements unconstitutional. See id. at 2819. Mallard's argument based on New York Penal Law § 265.02, raised for the first time on appeal, is waived. See Singleton v. Wulff, 428 U.S. 106, 120-21 (1976). We note, moreover, that even if we were to accept Mallard's contention that his unlicensed possession of the firearms did not violate § 265.02, it would not remotely follow that defendants were required to return the firearms to him. See N.Y. Penal Law

3

§ 400.05 (requiring destruction of unlawfully possessed firearms); People v. Abdullah, 23 Misc. 3d 232, 234, 870 N.Y.S.2d 886, 887 (N.Y. Crim. Ct. 2008) (noting that "in New York, possession of a firearm remains a criminal act . . . unless one holds a license to so possess"). Finally, to the extent Mallard invokes Heller to support a Second Amendment challenge to the seizure of the firearms, any such claim, like Mallard's Fourth Amendment challenge, would be untimely.

In light of these rulings, Mallard's contention that the jury verdict was against the weight of the evidence implicates only the jury's finding of liability against the City on his due process claim and the award of nominal damages for the City's failure to return his knives. Liberally construed, Mallard's brief contends that the jury should have attributed a greater monetary value to the knives and awarded him compensatory and punitive damages. Where such a challenge has not been preserved in a motion pursuant to Fed. R. Civ. P. 50, we will consider it only if the district court has indicated that such a motion need not be filed, or "to prevent a manifest injustice in cases where a jury's verdict is wholly without legal support." Jacques v. DiMarzio, Inc., 386 F.3d 192, 199 (2d Cir. 2004) (alteration and internal quotation marks omitted). Neither circumstance obtains here. Thus, Mallard's challenge to the jury verdict fails.

We have considered Mallard's remaining arguments on appeal, and we conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:<br>CATHERINE O'HAGAN WOLFE, Clerk of Court