■ RICHARD HOLIHAN et al., Appellants, v TOWN OF ORANGE-TOWN, Respondent. [59 NYS3d 419]—

In an action, inter alia, to recover damages pursuant to 42 USC § 1983 for civil rights violations, the plaintiffs appeal from an order of the Supreme Court, Rockland County (Garvey, J.), dated June 4, 2015, which granted the defendant's motion pursuant to CPLR 3211 (a) (5) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs own a parcel of real property in the Town of Orangetown in a zoning district that permits only one dwelling per lot. In 1985, they applied for a variance from the Town's Zoning Board of Appeals (hereinafter the ZBA) to allow them to build a "garage w/dwelling for immediate family (mother)." The ZBA granted the variance, the plaintiffs built the second dwelling, and the Town issued a certificate of occupancy for the second dwelling which specified that the permitted use was "garage with dwelling for immediate family (mother)." In 2011, the Town notified the plaintiffs that they were in violation of the zoning code because they were renting out the second dwelling, which was not permitted by the certificate of occupancy. In 2013, the plaintiffs applied to the Town's Office of Building, Zoning and Planning Administration and Enforcement (hereinafter the Zoning Board) for a "corrected" certificate of occupancy, arguing that they had been granted unrestricted residential use of the second dwelling, even though that was not reflected in the certificate of occupancy. The Zoning Board denied the plaintiffs' request, and on May 21, 2014, the ZBA denied the plaintiffs' appeal of that decision. The plaintiffs did not challenge the ZBA's decision by means of a CPLR article 78 proceeding.

In December 2014, the plaintiffs commenced the instant action against the Town asserting five causes of action. The first cause of action alleged that the Town violated 42 USC § 1983 by denying them an unrestricted certificate of occupancy for the second dwelling. The second cause of action alleged that the Town violated the plaintiffs' rights under the Fourth Amendment of the United States Constitution by effectively seizing the second dwelling. The third and fourth causes of action alleged that the Town violated the plaintiffs' rights under the Fifth Amendment of the United States Constitution by, in effect, unlawfully taking the second dwelling without the payment of just compensation. The fifth cause of action alleged that the plaintiffs were entitled to a declaratory judgment, inter alia, ordering the Town to issue a corrected certificate of occupancy. The Town moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint, arguing that the causes of action were barred by the statute of limitations. The Supreme Court granted the Town's motion, and the plaintiffs appeal.

The Supreme Court properly directed the dismissal of the four causes of action alleging that the Town committed federal civil rights violations by restricting the plaintiffs' use of the second dwelling. These causes of action were each governed by

a three-year statute of limitations (*see* CPLR 214 [4], [5]; *Owens v Okure*, 488 US 235, 240, 251 [1989]; *Mallard v Potenza*, 376 Fed Appx 132, 133 [2d Cir 2010]; *Corsello v Verizon N.Y., Inc.*, 77 AD3d 344, 361 [2010], *mod on other grounds* 18 NY3d 777 [2012]). The statute of limitations started to run on each cause of action when the certificate of occupancy was issued to the plaintiffs in 1987 (*see Mallard v Potenza*, 376 Fed Appx at 133; *Ognibene v Niagara County Sheriff's Dept.*, 117 Fed Appx 798, 799 [2d Cir 2005]; *Bobrowsky v Curran*, 333 F Supp 2d 159, 164 [SD NY 2004]; *Matter of City of New York [South Richmond Bluebelt, Phase 3—594 Assoc., Inc.]*, 141 AD3d 672, 674 [2016]). Since the plaintiffs did not commence this action until 2014, the causes of action were time-barred.

Contrary to the plaintiffs' contention, the continuous wrong doctrine is not applicable to any of their causes of action alleging violations of federal law (*see Town of Oyster Bay v Lizza Indus., Inc.*, 22 NY3d 1024, 1031-1032 [2013]; *Henry v Bank of Am.*, 147 AD3d 599, 601 [2017]; *Rural Community Coalition, Inc. v Village of Bloomingburg*, 127 AD3d 1304, 1305 [2015]).

The Supreme Court also properly directed the dismissal of the fifth cause of action, which sought declaratory relief, as barred by the statute of limitations. " '[W]hen [a] proceeding has been commenced in the form of a declaratory judgment action, for which no specific Statute of Limitations is prescribed, it is necessary to examine the substance of that action to identify the relationship out of which the claim arises and the relief sought in order to resolve which Statute of Limitations is applicable' " (*Matter of Greens at Half Hollow, LLC v Suffolk County Dept. of Pub. Works*, 147 AD3d 942, 944 [2017], quoting *New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194, 200-201 [1994]). Here, despite being couched in declaratory judgment language, the relief sought in this cause of action would have been available to the plaintiffs by challenging the ZBA's 2014 decision to uphold the denial of their request for a corrected certificate of occupancy, and thus, the 30-day statute of limitations applies (*see* CPLR 217; Town Law § 267-c; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 202 [1987]). Since this action was commenced after the 30-day statute of limitations expired, the fifth cause of action was time-barred. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.