Matter of 2214 Rt 208, LLC v Town of Montgomery Zoning Bd. of Appeals (2026 NY Slip Op 00889)

Matter of 2214 Rt 208, LLC v Town of Montgomery Zoning Bd. of Appeals

2026 NY Slip Op 00889

Decided on February 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2023-11681
2024-12921
 (Index No. 3303/22)

[*1]In the Matter of 2214 Rt 208, LLC, appellant,
vTown of Montgomery Zoning Board of Appeals, et al., respondents.

Stenger, Glass, Hagstrom, Lindars & Iuele, LLP, Wappingers Falls, NY (Kenneth M. Stenger and Mary K. Ephraim of counsel), for appellant.
Blustein, Shapiro, Frank & Barone, LLP, Goshen, NY (Brian M. Newman and William A. Frank of counsel), for respondents Town of Montgomery Zoning Board of Appeals, Town of Montgomery, Town of Montgomery Planning Board, and James M. Farr, P.E.
Catania, Mahon & Rider, PLLC, Newburgh, NY (John W. Furst, Jonathan DeJoy, and Jeffrey S. Sculley of counsel), for respondent DBC Partners, LLC.

DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town of Montgomery Zoning Board of Appeals filed May 17, 2022, and action for declaratory relief, the petitioner/plaintiff appeals from (1) an order of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated January 6, 2023, and (2) an order of the same court dated October 31, 2023. The order dated January 6, 2023, insofar as appealed from, granted that branch of the motion of the Town of Montgomery Zoning Board of Appeals which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the causes of action seeking relief pursuant to CPLR article 78. The order dated October 31, 2023, following service and filing of a second amended complaint asserting causes of action against DBC Partners, LLC, among others, as permitted by the order dated January 6, 2023, granted the motion of DBC Partners, LLC, pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it, and directed dismissal of the second amended complaint insofar as asserted against the remaining parties.
ORDERED that on the Court's own motion, the notice of appeal from the order dated January 6, 2023, is deemed to be an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that on the Court's own motion, the notice of appeal from so much of the order dated October 31, 2023, as directed dismissal of the second amended complaint insofar as asserted against all parties other than DBC Partners, LLC, is deemed to be an application for leave to appeal from that portion of the order, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order dated January 6, 2023, is affirmed insofar as appealed from; and it is further,
ORDERED that the order dated October 31, 2023, is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.
In February 2021, DBC Partners, LLC (hereinafter DBC), applied, inter alia, for a special exception use permit for the use of a "Gasoline Station with Convenience Store" as defined pursuant to Code of the Town of Montgomery § 235-3.2 for its property located in the Town of Montgomery. In a determination dated November 8, 2021, the Town's Building Inspector and Code Enforcement Officer, James M. Farr (hereinafter Farr), found that the proposed convenience store use could be separated from the other uses of the proposed building such that the store would require an area variance of 1,480.5 square feet in a 6,730 square foot building. In January 2022, the petitioner/plaintiff (hereinafter the petitioner), a neighboring landowner, appealed Farr's determination to the Town's Zoning Board of Appeals (hereinafter the ZBA), seeking, among other things, to annul the determination. In a determination filed May 17, 2022, the ZBA denied the petitioner's appeal and upheld Farr's determination.
In June 2022, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief against the ZBA, but not DBC, and subsequently filed an amended petition/complaint against only the ZBA. In August 2022, the ZBA moved pursuant to CPLR 3211(a) and 7804(f) to dismiss the amended petition/complaint for failure to join DBC as a necessary party. In an order dated January 6, 2023, the Supreme Court granted that branch of the ZBA's motion which was to dismiss the causes of action seeking relief pursuant to CPLR article 78, determining that DBC was a necessary party whose rights would be significantly affected by the outcome of the amended petition/complaint. In addition, the court directed the petitioner to serve and file a second amended complaint naming DBC, among others, as a defendant, and the petitioner served and filed the second amended complaint in February 2023. In June 2023, DBC moved pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it. In an order dated October 31, 2023, the court granted DBC's motion, and also directed dismissal of the second amended complaint insofar as asserted against the remaining parties. The petitioner appeals from both orders.
An action for a declaratory judgment is generally governed by a six-year statute of limitations (see id. § 213[1]). "However, where a declaratory judgment action involves 'claims that could have been made in another proceeding for which a specific limitation period is provided, the action is subject to the shorter limitations period'" (Kinsella v Long Is. Power Auth., 236 AD3d 770, 773, quoting Save the View Now v Brooklyn Bridge Park Corp., 156 AD3d 928, 931). "In making this determination, courts consider whether the parties' rights could have been resolved in a CPLR article 78 proceeding" (id.; see Walton v New York State Dept. of Correctional Servs., 8 NY3d 186, 194).
A proceeding pursuant to CPLR article 78 seeking review of a determination of a zoning board of appeals "shall be instituted within thirty days after the filing of a decision of the board in the office of the town clerk" (Town Law § 267-c[1]; see Matter of Coden v Town of Huntington, 235 AD3d 744, 745; Matter of Greenville Fire Dist. v Zoning Bd. of Appeals of the Town of Greenburgh, 202 AD3d 959, 961). A party whose interest may be adversely affected by a potential judgment in a CPLR article 78 proceeding is a necessary party to the proceeding (see CPLR 1001[a]; Matter of Karmel v White Plains Common Council, 284 AD2d 464, 465).
Here, the Supreme Court properly granted that branch of the ZBA's motion which was pursuant to CPLR 3211(a) and 7804(f) to dismiss the causes of action seeking relief pursuant to CPLR article 78 because DBC was a necessary party to the proceeding (see Matter of Gross v Zoning Bd. of Appeals of the Vil. of Warwick, 233 AD3d 942, 944). DBC's interests, as an applicant [*2]for a special exception use permit, would be impacted by a CPLR article 78 proceeding seeking to annul Farr's determination pertaining to the same proposed building (see Matter of Karmel v White Plains Common Council, 284 AD2d at 465).
Further, despite being couched in declaratory judgment language, the Supreme Court properly determined that the causes of action against DBC seeking declaratory relief would have been available in a CPLR article 78 proceeding, and thus, the 30-day statute of limitations applied to those causes of action (see Walton v New York State Dept. of Correctional Servs., 8 NY3d at 194; Matter of Coden v Town of Huntington, 235 AD3d at 746). Accordingly, the court properly granted DBC's motion pursuant to CPLR 3211(a) to dismiss the second amended complaint insofar as asserted against it as time-barred, since the second amended complaint was filed outside the 30-day statute of limitations applicable to the relief sought pursuant to CPLR article 78 (see Town Law § 267-c[1]; Holihan v Town of Orangetown, 152 AD3d 747, 749).
Contrary to the petitioner's contentions, it failed to establish that the relation-back doctrine applied. The relation-back doctrine "allows a claim asserted against a defendant in an amended filing to relate back to claims previously asserted against a codefendant for Statute of Limitations purposes where the two defendants are 'united in interest'" (Buran v Coupal, 87 NY2d 173, 177, quoting CPLR 203[b]; see Patrick v Comprehensive Med. Supply, LLC, 225 AD3d 777, 779; Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d 1245, 1248). "Defendants are united in interest only when their interest in the subject-matter [of the action] is such that [the defendants] stand or fall together and that judgment against one will similarly affect the other" (Patrick v Comprehensive Med. Supply, LLC, 225 AD3d at 779 [internal quotation marks omitted]; see Matter of Nemeth v K-Tooling, 40 NY3d 405, 415).
Here, although the causes of action all arose out of the same conduct, the petitioner failed to establish that the ZBA and DBC were united in interest as required to satisfy the second prong of the relation-back doctrine (see Patrick v Comprehensive Med. Supply, LLC, 225 AD3d at 779; Matter of Mensch v Planning Bd. of the Vil. of Warwick, 189 AD3d at 1248).
The petitioner's remaining contention is without merit.
Accordingly, we affirm the order dated January 6, 2023, insofar as appealed from, and the order dated October 31, 2023.
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court